STATE OF NORTH CAROLINA v. RAYMOND LEE MUELLER

No. COA05-1524

(Filed 17 July 2007)

### 1. Sexual Offenses— short form—sexual offenses—specific acts not mentioned—instructions and verdict sheets specific

There was no error where the indictment for numerous charges of sexual offenses by defendant with his daughter did not list the underlying sexual acts, but the jury was instructed on the specific acts in the instructions and the verdict sheets. The use of short-form indictments in charging sexual offenses and indecent liberties is permitted.

### 2. Appeal and Error— preservation of issue—motions sufficient

Defendant preserved his right to appeal the failure to dismiss all of the counts against him (despite the State's contention that he had preserved appeal from only five) where he made a motion to dismiss at the close of the State's evidence, presented arguments as to five of the charges, renewed the motion at the close of his case in chief, and moved to dismiss all of the charges after the jury returned the guilty verdicts.

### 3. Indecent Liberties— sufficiency of evidence—doctor's unsupported evidence

The trial court erred by denying defendant's motion to dismiss a charge of indecent liberties that was based on defendant asking his daughter to perform fellatio. The daughter provided no testimony to support this charge; a doctor's testimony that the daughter had told her about defendant's request was not sufficient.

### 4. Rape— attempted statutory rape—attempted incest—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss charges of attempted statutory rape and attempted incest. Although there was no evidence that defendant attempted to have intercourse with his daughter, there was sufficient evidence that he wanted to and his sexual acts with his daughter constitute actions beyond mere preparation.

**5. Sexual Offenses— disseminating sexual material to daughter—material not shown to jury—evidence sufficient**

The trial court acted properly in denying defendant's motion to dismiss a charge of disseminating obscene material to his daughter. The State is not required by the statute to produce the precise material alleged to be obscene, and no case law requires that a jury be shown the material. The victim was able to describe the pictures in detail, and to testify that the photographs shown to her by the State were substantially similar to those shown by defendant. Moreover, a detective testified about seizing diskettes containing photographs, some of which involved young women with blond hair, similar to defendant's daughter.

**6. Sexual Offenses— sufficiency of evidence—position of power**

The trial court acted properly in denying defendant's motion to dismiss charges of second-degree forcible sexual offense against his daughter. There was sufficient evidence from which a reasonable jury could conclude that defendant used his position of power as the victim's father to force her to engage in various sexual acts.

**7. Rape— sufficiency of evidence—attempted second-degree—against daughter—position of power**

There was sufficient evidence presented to sustain defendant's conviction for the attempted second-degree forcible rape of his daughter, and the trial court acted properly in denying defendant's motion to dismiss. There was sufficient evidence that defendant attempted to have sex with the victim, and his relationship with her was one in which he held a position of power which he used in such a way as to constitute constructive force.

**8. Assault— against female—no age limit**

The age limit in N.C.G.S. § 14-33(c)(3) for assaulting a child under 12 does not apply to any assault against a female under N.C.G.S. § 14-33(c)(2). Nothing in the latter statute, under which defendant was indicted, tried, and convicted, requires the victim to be under a certain age.

**9. Assault— sufficiency of evidence—fondling**

There was sufficient evidence that defendant assaulted his daughter by fondling her breasts on a particular morning where

she testified that she was awakened in the usual way, by his hands up her bra or down her pants.

**10. Rape— statutory—evidence of age—not sufficient**

The trial court should have granted defendant's motion to dismiss the charge of first-degree statutory rape where there was insufficient evidence of vaginal intercourse prior to the victim turning thirteen. Although the victim stated unequivocally that defendant began touching her earlier, she was thirteen when defendant began having sexual intercourse with her.

**11. Indictment and Information— indictment citing wrong statute—validity**

Although an indictment may cite the wrong statute, it remains valid when the body of the indictment is sufficient to properly charge defendant with an offense, and indictments which put defendant on notice that he was being charged under N.C.G.S. § 14-27.4(a)(1) were valid even though they listed N.C.G.S. § 14-27.7A as the statute allegedly violated.

**12. Sexual Offenses— against child—evidence of age—not sufficient**

The trial court erred by denying defendant's motions to dismiss four counts of first-degree sexual offense against a child under the age of thirteen where the victim's testimony did not constitute sufficient evidence to support the reasonable inference that the offenses were committed prior to the victim turning thirteen.

**13. Appeal and Error— failure to object—unanimity of verdict**

A defendant's failure to object at trial to a possible violation of his right to a unanimous jury verdict does not waive his right to appeal the issue. The issue may be raised for the first time on appeal.

**14. Constitutional Law— unanimous verdict—sexual offenses—indictments not specific**

Defendant was not deprived of his right to a unanimous jury verdict where the indictments did not include the specific acts which constituted the alleged sexual offenses but were valid, the jury instructions and verdict sheets specifically identified each case by number, date and the specific acts which were to serve as the underlying basis, the jury was instructed specifically that

each of the acts serving as the basis for the separate counts must have occurred on a date different than in the other cases charging the same offense with the same victim, and the jury was polled following the verdicts, further insuring unanimity.

### 15. Constitutional Law— double jeopardy—sexual offenses— indictments not specific

Defendant was not subjected to double jeopardy where he alleged that the indictments for the sexual abuse of his daughter and stepdaughter did not differentiate the offenses, but the indictments were sufficient to inform defendant of the charges against him, and he did not show any deprivation of his ability to prepare a defense.

Appeal by defendant from judgments entered 3 May 2005 by Judge Ronald K. Payne in Hoke County Superior Court. Heard in the Court of Appeals 16 August 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Margaret A. Force, for the State.*

*Parish & Cooke, by James R. Parish, for defendant-appellant.*

JACKSON, Judge.

On 6 October 2003, Raymond Lee Mueller ("defendant") was indicted for thirty-three felonies and three misdemeanors, on charges of first-degree statutory rape, first-degree statutory sexual offense, statutory rape of a person who is 13, 14, or 15 years old, statutory sexual offense against a person who is 13, 14, or 15 years old, second-degree forcible sexual offense, attempted second-degree rape, incest between near relatives, attempted incest, taking indecent liberties with a child, felony child abuse, disseminating obscene material, and assault on a female by a male at least 18 years of age. All of the offenses were alleged to have involved defendant's biological daughter, K.M., and his stepdaughter, J.M., and were alleged to have occurred on various dates from July 2000 until August 2002.

On 3 May 2005, a jury found defendant guilty on all charges. Following the announcement of the jury's verdict, defendant made a motion for judgment notwithstanding the verdict as to all charges. The trial court granted defendant's motion for one count of disseminating obscene material (03 CRS 2301), and denied the motion as to the remaining thirty-five convictions. Defendant was then sentenced

STATE v. MUELLER

[184 N.C. App. 553 (2007)]

to eight consecutive sentences of imprisonment, with the terms being four consecutive sentences of 240 to 297 months, followed by two terms of 288 to 355 months, followed by two terms of 100 to 129 months. Defendant appeals from his convictions.

In the record on appeal, defendant lists fifty-four separate assignments of error. However, defendant presents argument as to only twenty-six of them in his brief; therefore, the remaining assignments of error for which no argument has been presented are deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

[1] We begin by addressing defendant's contention that each indictment for the following charges fails to list the specific underlying sexual act which constitutes the offense:

03 CRS 2284-2287—First Degree Statutory Sexual Offense (J.M.)

03 CRS 2289-2292—Statutory Sexual Offense of a Person Who Is 13, 14, or 15 Years of Age (J.M.)

03 CRS 2302-2306—Taking Indecent Liberties with a Child (K.M.)

03 CRS 2309-2310—Statutory Sexual Offense of a Person Who Is 13, 14, or 15 Years of Age (K.M.)

03 CRS 2314-2315—Second-degree Forcible Sexual Offense (K.M.);

03 CRS 2317-2319—Assault on a Female by a Male At Least 18 Years of Age (K.M.).

Although the indictments themselves did not list specific underlying sexual acts, both the trial court's instructions for each offense and the verdict sheets submitted to the jury, instructed the jury on the specific sexual acts that were to serve as the underlying act for each of the charged offenses. In all cases, the specific act stated in the trial court's instructions coincided with the specific act listed on each of the verdict sheets.[1]

---

1. In cases 03 CRS 2284, 2285, 2286, and 2287, first-degree statutory sexual offense (J.M.), the jury was instructed, and the verdict sheets listed, the specific acts as, respectively, having anal intercourse with J.M., making J.M. perform oral sex upon defendant, digitally penetrating J.M., and performing oral sex upon J.M. In cases 03 CRS 2289, 2290, 2291, and 2292, statutory sexual offense of a person who is 13, 14, or 15 years of age (J.M.), the jury was instructed, and the verdict sheets listed, the specific acts as, respectively, having anal intercourse with J.M., making J.M. perform oral sex upon defendant, digitally penetrating J.M., and performing oral sex upon J.M. In cases 03 CRS 2302, 2303, 2304, 2305, and 2306, taking indecent liberties with a child (K.M.), the jury was instructed, and the verdict sheets listed, the specific acts

Our statutes permit, and our appellate courts have upheld, the use of short form indictments in charging a defendant with a sexual offense and taking indecent liberties with a child. *See* N.C. Gen. Stat. § 15-144.2 (2005); *State v. Wallace*, 351 N.C. 481, 503-08, 528 S.E.2d 326, 340-43 (2000); *State v. Effler*, 309 N.C. 742, 745-47, 309 S.E.2d 203, 205-06 (1983). When a short form indictment properly alleges the essential elements of the offense, it need not "allege every matter required to be proved on the trial." N.C. Gen. Stat. § 15-144.2(a) (2005). As our Courts previously have held, indictments charging indecent liberties with a child or a sexual offense are sufficient and valid even when they do not contain a specific allegation regarding which specific sexual act was committed. *See State v. Youngs*, 141 N.C. App. 220, 229-31, 540 S.E.2d 794, 800-01 (2000); *see also State v. Kennedy*, 320 N.C. 20, 23-25, 357 S.E.2d 359, 361-63 (1987); *Effler*, 309 N.C. at 745-47, 309 S.E.2d at 205-06; *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 361-62 (1982). Thus, we hold defendant's indictments were sufficient to charge him with all of the above referenced offenses.

**[2]** On appeal, defendant contends the trial court erred in failing to dismiss fourteen of the thirty-six charges against him because there was insufficient evidence presented by the State to support convictions on these fourteen charges. The State contends defendant failed to preserve his right to appeal on the sufficiency of the evidence as to the majority of these fourteen convictions. The State argues that, at trial, defendant preserved his right to appeal the sufficiency of the evidence as to only five of his convictions, not all of the fourteen convictions he now argues on appeal.

Rule 10(b)(3) of our Rules of Appellate Procedure provides:

A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he

---

as, respectively, defendant's fondling of K.M.'s breasts, his sucking on K.M.'s breasts, having K.M. fondle defendant's penis, defendant's placing his penis between K.M.'s thighs and ejaculating, and his asking K.M. to perform oral sex on him. In cases 03 CRS 2309 and 2310, statutory sexual offense of a person who is 13, 14, or 15 years of age (K.M.), the jury was instructed, and the verdict sheets listed, the specific acts as, respectively, defendant's digitally penetrating K.M. and performing oral sex upon K.M. In cases 03 CRS 2314 and 2315, second-degree forcible sexual offense (K.M.), the jury was instructed, and the verdict sheets listed, the specific acts as, respectively, defendant's digitally penetrating K.M. and performing oral sex upon K.M. In cases 03 CRS 2317, 2318, and 2319, assault on a female by a male at least 18 years of age (K.M.), the jury was instructed, and the verdict sheets listed, the specific acts as, respectively, defendant's fondling of K.M.'s breasts, his sucking on K.M.'s breasts, and his fondling of K.M.'s breasts.

moves to dismiss the action, or for judgment as in case of non-suit, at trial. If a defendant makes such a motion after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case of nonsuit made at the close of State's evidence is waived. Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal.

A defendant may make a motion to dismiss the action or judgment as in case of nonsuit at the conclusion of all the evidence, irrespective of whether he made an earlier such motion. If the motion at the close of all the evidence is denied, the defendant may urge as ground for appeal the denial of his motion made at the conclusion of all the evidence. However, if a defendant fails to move to dismiss the action or for judgment as in case of nonsuit at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.

N.C. R. App. P. 10(b)(3) (2006).

In the instant case, defendant made a motion to dismiss at the close of the State's evidence. Defense counsel stated "We move to dismiss at the close of the State's evidence." Following this motion, defense counsel proceeded to present specific arguments as to five of defendant's charges, including: 03 CRS 2306, taking indecent liberties with K.M.; 03 CRS 2311, attempted statutory rape of K.M.; 03 CRS 2312, disseminating obscene material to K.M.; 03 CRS 2316, attempted second-degree rape of K.M.; and 03 CRS 2301, disseminating obscene material to J.M. The trial court denied defendant's motions, and defendant proceeded with presenting evidence.

Following the close of defendant's case in chief, defense counsel renewed his motion to dismiss, which the trial court denied. After the jury returned guilty verdicts on all charges, defendant made a final motion to dismiss all charges, including the specific five charges previously argued in his motion to dismiss. The trial court denied defendant's motion as to all charges, except 03 CRS 2301 for which it allowed defendant's motion, thereby dismissing this charge.

Based upon defendant's motions made at trial, we hold he did preserve his right to appeal all of the convictions before us based upon an insufficiency of the evidence to support each conviction.

[3] In his first argument on appeal, defendant contends the trial court erred in failing to dismiss the charge of taking indecent liberties with a child, K.M. (03 CRS 2306). The jury found defendant guilty of taking indecent liberties with a child, with the child being K.M., and the indecent act being his asking K.M. to place his penis in her mouth. Defendant specifically contends there was insufficient evidence presented at trial that he asked or attempted to put his penis in K.M.'s mouth.

On appeal, the standard of review for the denial of a motion to dismiss is to determine whether the evidence, when taken in the light most favorable to the State, would permit a reasonable juror to find defendant guilty of each essential element of the offense beyond a reasonable doubt. *State v. Etheridge*, 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987). "The [S]tate is entitled to all reasonable inferences that may be drawn from the evidence. Contradictions in the evidence are resolved favorably to the [S]tate." *State v. Sumpter*, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986). In order to survive a defendant's motion to dismiss, the State must present substantial evidence of each essential element of the offense charged, and of the defendant's identity as the perpetrator. *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Id.* When the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." *State v. Baker*, 338 N.C. 526, 558, 451 S.E.2d 574, 593 (1994) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)).

In order for defendant to be convicted of taking indecent liberties with a child, the State must prove beyond a reasonable doubt that defendant is a person who "being 16 years of age or more and at least five years older than the child in question, . . . [w]illfully commit[ted] or attempt[ed] to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years." N.C. Gen. Stat. § 14-202.1(a)(2) (2001). Defendant does not contest the sufficiency of the evidence identifying him as the perpetrator, his age, or the age of K.M.; he contests only the sufficiency of the evidence asking K.M. to place his penis in her mouth.

During K.M.'s extensive testimony, she never testified that defendant asked or attempted to place his penis in her mouth. In fact,

she did not present any testimony concerning any attempt by defendant to have her perform oral sex upon him. The State specifically concedes that this piece of testimony did not occur; however, the State contends testimony presented by Dr. Cooper, the forensic pediatrician who physically examined K.M., is sufficient to satisfy this element of the offense. Dr. Cooper presented testimony regarding her physical examination and interview of K.M. She stated that K.M. specifically described the sexual abuse that she endured, and that defendant was the individual who performed the sexual acts upon her. Dr. Cooper stated that K.M. "described that [defendant] wanted her to perform fellatio, or to put his penis in her mouth, but she didn't want to do that." Dr. Cooper then testified that K.M. did not say that she had performed oral sex on defendant. This evidence constitutes all of the evidence presented regarding the issue of oral sex by K.M. upon defendant.

Without more than Dr. Cooper's lone statement that K.M. told her that defendant wanted her to perform oral sex upon him, we cannot hold that there was substantial evidence presented that defendant asked K.M. to place his penis in her mouth. *See State v. Cooke*, 318 N.C. 674, 679, 351 S.E.2d 290, 292 (1987) ("[T]here is no requirement that the victim testify before the accused may be convicted). *But see State v. Stancil*, 146 N.C. App. 234, 245, 552 S.E.2d 212, 218 (2001) (complaining witness' testimony is sufficient to establish that a defendant completed a sex act). The instant case stands in contrast to the facts in *Cooke*, in which the victim did not testify, but her two siblings both provided eyewitness testimony as to the defendant's sexual abuse of their younger sister. Here, K.M. testified at length as to many of the acts with which defendant is charged, but provided no testimony in support of charge 03 CRS 2306. Dr. Cooper's statement can only raise a suspicion or conjecture on the facts of this case, but fails to rise to the level of showing that defendant asked K.M. to perform the specific act. Therefore, we hold the trial court erred in denying defendant's motion to dismiss as to the charge of taking indecent liberties with K.M., as found in charge 03 CRS 2306. Defendant's conviction on this charge is thus reversed and the charge is dismissed.

Because this offense was joined, for purposes of sentencing, with one count of second-degree forcible sex offense, four counts of taking indecent liberties with children, two counts of felony child abuse, disseminating obscene material, attempted incest between near relatives, attempted second-degree rape, and three counts of assault on a female, we must remand these matters to the trial court for resen-

tencing.[2] *See State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) ("Since it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.").

**[4]** Defendant next contends the trial court erred in failing to grant his motion to dismiss as to the charges of attempted statutory rape of K.M. (03 CRS 2311) and attempted incest with K.M. (03 CRS 2313).

"In order to prove an attempt of any crime, the State must show: '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense.' " *State v. Sines*, 158 N.C. App. 79, 85, 579 S.E.2d 895, 899 (quoting *State v. Miller*, 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996)), *cert. denied*, 357 N.C. 468, 587 S.E.2d 69 (2003). In order to sustain a conviction for the attempted statutory rape of a person who is 13, 14, or 15 years old, the State must prove that defendant attempted to "engage[] in vaginal intercourse . . . with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2001). To sustain a conviction for attempted incest between near relatives, the State must prove that defendant attempted to engage in "carnal intercourse" with his or her child or stepchild or legally adopted child. N.C. Gen. Stat. § 14-178(a)(ii) (2001). Both offenses require evidence that defendant attempted to have vaginal intercourse with K.M. Vaginal intercourse is defined as " 'the *slightest* penetration of the female sex organ by the male sex organ.' " *State v. Summers*, 92 N.C. App. 453, 456, 374 S.E.2d 631, 633 (1988) (quoting *State v. Brown*, 312 N.C. 237, 244-45, 321 S.E.2d 856, 861 (1984)) (emphasis in original), *cert. denied*, 324 N.C. 341, 378 S.E.2d 806 (1989).

Defendant does not dispute that K.M. is his daughter, nor does he dispute that at the time of the alleged offense he was at least six years older than K.M. who was between the ages of thirteen and fifteen. Specifically defendant argues there was insufficient evidence that he attempted to have vaginal intercourse with K.M.

---

2. Only those convictions properly before this Court on appeal may be considered upon resentencing. The following convictions were not appealed from the trial court: 03 CRS 2302-05 (taking indecent liberties with children); 03 CRS 2307-08 (felony child abuse); and 03 CRS 2317 (assault on a female).

At trial, K.M. testified that defendant told her that he was in love with her, and that he wanted to be "[her] first." She described how defendant would place his penis between her thighs and move back and forth until he ejaculated on her. K.M. also testified that defendant asked her to have sex with him, but that she always told him "no." K.M. stated that defendant told her that he loved her, and wanted to be "inside of [her]," but that when she told him "no," he did not press the issue or force her to do anything. K.M. did not present any testimony stating that defendant at any time attempted to penetrate her vaginally.

The State contends that defendant's consistent sexual acts with K.M. constitute actions beyond mere preparation, and thus constitute overt acts of his attempt to have vaginal intercourse with K.M. The State argues that K.M.'s testimony that defendant wanted to have sex with her shows defendant's intent to have vaginal intercourse with her. We agree.

It is undisputed that defendant committed multiple sexual acts upon K.M. over the course of several years. We also agree that defendant's actions towards K:M. were indeed sexually motivated and that there is sufficient evidence to show that defendant wanted to have sex with K.M. No evidence was presented that defendant ever physically attempted to have vaginal intercourse with K.M., or that he attempted to press the issue after K.M. told him "no." However, the State is not required to show that a defendant "made an actual physical attempt to have intercourse or that he retained the intent to rape his victim throughout the incident." *State v. Dunston*, 90 N.C. App. 622, 625, 369 S.E.2d 636, 638 (1988) (citing *State v. Hudson*, 280 N.C. 74, 77, 185 S.E.2d 189, 191 (1971), *cert. denied*, 414 U.S. 1160, 39 L. Ed. 2d 112 (1974)). "[T]here is substantial precedent from our courts establishing that some overt act manifesting a sexual purpose or motivation on the part of the defendant is adequate evidence of an intent to commit rape." *Id.*; *see, e.g.*, *State v. Whitaker*, 316 N.C. 515, 517, 342 S.E.2d 514, 516 (1986) (defendant verbally expressed desire to perform cunnilingus with his victim and told her to pull down her pants); *State v. Bell*, 311 N.C. 131, 140, 316 S.E.2d 611, 616 (1984) (defendant discussed with his brother "get[ting] some [sex]," took their two victims to a secluded area, and ordered them to remove their clothes); *State v. Henderson*, 182 N.C. App. 406, 411-13, 642 S.E.2d 509, 513 (2007) (defendant removed his pants, walked into the room where his seven- or eight-year-old daughter was seated, stood in front of her, and asked her to put his penis in her mouth);

*State v. Schultz*, 88 N.C. App. 197, 198, 362 S.E.2d 853, 854 (1987) (defendant touched victim's breast); *State v. Hall*, 85 N.C. App. 447, 448, 355 S.E.2d 250, 251, *disc. rev. denied*, 320 N.C. 515, 358 S.E.2d 525 (1987) (defendant pulled the victim's shirt down and touched her breasts); *State v. Wortham*, 80 N.C. App. 54, 55, 341 S.E.2d 76, 77 (1986), *rev'd in part on other grounds*, 318 N.C. 669, 351 S.E.2d 294 (1987) (defendant slit open the crotch of his sleeping victim's panties); *State v. Powell*, 74 N.C. App. 584, 585, 328 S.E.2d 613, 614 (1985) (defendant entered victim's bedroom at night, undressed, and began fondling his genitalia). As we noted in *Dunston*, "[t]he element of intent is established if the evidence shows that the defendant, at any time during the incident, had an intent to gratify his passion upon the victim notwithstanding any resistance on her part." *Dunston*, 90 N.C. App. at 625, 369 S.E.2d at 638.

In the instant case, K.M. testified that when she and defendant would go off to places alone, he would tell her that he loved her and wanted to have sex with her. She stated that she would tell him "no," and that he would then "put his penis between [her] legs and get himself to the point of ejaculation"—or gratification. Based upon the evidence presented at trial, we hold defendant's repeated asking of K.M. to have intercourse with him, when combined with his comments that he wanted to be "inside [her]" and be "[her] first," and the repeated sexual acts, "constitutes sufficient evidence of overt sexual behavior from which the jury could properly infer, notwithstanding the possibility of other inferences, that defendant intended to engage in vaginal intercourse with his victim." *Id.* at 625-26, 369 S.E.2d at 638. Thus, we hold the trial court did not err in denying defendant's motion to dismiss the charges of attempted statutory rape of K.M. (03 CRS 2311) and attempted incest with K.M. (03 CRS 2313), as there was sufficient evidence of defendant's overt actions beyond mere preparation in his attempt to have vaginal intercourse with K.M. Defendant's assignments of error are overruled.

[5] Defendant next contends the trial court erred in failing to dismiss the charge of disseminating obscene material to his daughter, K.M. (03 CRS 2312). Defendant's argument is based upon the fact that during his trial, K.M. was shown photographs depicting naked men and women, and women who looked similar to her, all of whom were engaged in sexual acts. K.M. testified that the photographs she was shown at trial were substantially similar to the ones defendant had shown to her, but she was unable to state definitively that the photographs she looked at in court were the same ones defendant had

shown to her. Defendant argues the photographs used at trial were only to illustrate the testimony of K.M., and were not introduced as substantive evidence. Defendant contends the statute under which he was charged clearly contemplates that the jury will have the opportunity to view the material allegedly disseminated in order to make a determination as to whether the material is obscene. Thus, defendant contends, the State failed to offer substantial evidence that the material defendant allegedly disseminated to K.M. was in fact obscene.

North Carolina General Statutes, section 14-190.1 provides:

It shall be unlawful for any person, firm or corporation to intentionally disseminate obscenity. A person, firm or corporation disseminates obscenity within the meaning of this Article if he or it: . . . (4) Exhibits, presents, rents, sells, delivers or provides; or offers or agrees to exhibit, present, rent or to provide: any obscene still or motion picture, film, filmstrip, or projection slide, or sound recording, sound tape, or sound track, or any matter or material of whatever form which is a representation, embodiment, performance, or publication of the obscene.

N.C. Gen. Stat. § 14-190.1(a)(4) (2001). Moreover, material will be deemed to be obscene if:

(1) The material depicts or describes in a patently offensive way sexual conduct specifically defined by subsection (c) of this section; and

(2) The average person applying contemporary community standards relating to the depiction or description of sexual matters would find that the material taken as a whole appeals to the prurient interest in sex; and

(3) The material lacks serious literary, artistic, political, or scientific value; and

(4) The material as used is not protected or privileged under the Constitution of the United States or the Constitution of North Carolina.

N.C. Gen. Stat. § 14-190.1(b) (2001); see State v. Hill, 179 N.C. App. 1, 14-15, 632 S.E.2d 777, 786 (2006) (State's presentation of evidence by the minor victims that the defendant had provided pornography to them was sufficient to support a conviction pursuant to N.C. Gen. Stat. § 14-190.7). What is considered to be obscene is to be "judged with reference to ordinary adults except that it shall be judged with

reference to children or other especially susceptible audiences if it appears from the character of the material or the circumstances of its dissemination to be especially designed for or directed to such children or audiences." N.C. Gen. Stat. § 14-190.1(d) (2001).

K.M. testified defendant repeatedly showed her and her stepsister, J.M., pictures of young naked girls with blond hair who looked like her. K.M. stated that some of the pictures defendant showed her depicted naked men and women engaged in sex, and that some of the pictures showed close-up images of a penis inside a woman's vagina. K.M. testified that at all times, the pictures shown to her by defendant were located on defendant's computer. During defendant's trial, the State showed K.M. more than seventy photographs which were found on diskettes seized from a storage building containing defendant's property. K.M. testified that the photographs shown to her by the State were substantially similar to the pictures defendant had shown to her on his computer. Due to the length in time which had passed since the incidents, and the numerous photographs, K.M. was unable to say with certainty that they were the specific photographs defendant had shown to her. The trial court instructed the jury that the photographs K.M. was shown during her testimony were admitted only for the purposes of illustrating and corroborating K.M.'s testimony.

Nothing in section 14-190.1 requires the State to produce the precise material alleged to be obscene, and defendant fails to cite any case law indicating that a jury must be shown the exact material which the State contends constitutes obscene material. In the instant case, K.M. was shown multiple photographs depicting naked men and women engaged in intercourse, and close up pictures of a man's penis in a woman's vagina. While she was unable to definitively state that the photographs shown to her in court were the exact ones shown to her by defendant, she was able to describe in detail the pictures defendant showed to her on his computer. When presented with the State's evidence, she testified that the photographs were substantially similar to those shown to her by defendant.

In addition, Detective Michael Hallman, who executed the search warrant on defendant's storage unit, testified in detail regarding the diskettes seized from defendant's property and the files contained on the diskettes. He testified that 280 diskettes were seized from defendant's property; however, the officer was unable to access almost ninety percent of the files. Some of the photographs on the diskettes required a specific software program in order to access the pho-

tographs. Some of the diskettes were labeled with titles such as "Sexxy #1" and "Sexxy #2." Five of the diskettes seized contained ninety-four photographs, of which seventy-three were pornographic. The photographs contained on the diskettes showed nude women, nude women engaging in sexual acts, photographs of women with blonde hair who appeared to be very young and were engaging in sexual acts, and photographs of nude men and women engaging in various sexual acts, including close-up shots of a penis and vagina. Detective Hallman also testified that the specific photographs, about which K.M. would later testify, were found on several of the diskettes seized from defendant's storage unit. He testified that the specific photographs, about which K.M. would later testify, showed nude men and women, in which the women appeared young in age and had blonde hair, and in which the men and women were engaged in a sexual act. As in *Hill*, the State offered sufficient evidence that whether or not defendant disseminated obscene material to K.M. was for the jury to decide. *Hill*, 179 N.C. App. at 14-15, 632 S.E.2d at 786.

Therefore, the trial court acted properly in denying defendant's motion to dismiss the charge of disseminating obscene material to K.M. (03 CRS 2312). Defendant's assignment of error is overruled.

[6] Defendant next contends the trial court erred in failing to dismiss the two charges of second-degree forcible sexual offense against K.M. (03 CRS 2314 and 2315), in that the State failed to present sufficient evidence of force necessary to sustain his conviction of the offense under North Carolina General Statutes, section 14-27.5(a). With respect to these two charges, defendant allegedly committed the acts of digital penetration and oral sex upon K.M. In order for defendant to be convicted of second-degree forcible sexual offense, the State had to prove that defendant engaged in a sexual act with K.M., and that the act was done by force and against K.M.'s will. *See* N.C. Gen. Stat. § 14-27.5(a)(1) (2002).

Our courts repeatedly have held that the element of force may be established by a showing of either " 'actual, physical force or by constructive force in the form of fear, fright, or coercion.' " *State v. Corbett*, 154 N.C. App. 713, 716, 573 S.E.2d 210, 213 (2002) (quoting *Etheridge*, 319 N.C. at 45, 352 S.E.2d at 680). Constructive force may be shown by "proof of threats or other actions by the defendant which compel the victim's submission to sexual acts." *Etheridge*, 319 N.C. at 45, 352 S.E.2d at 680. The threats used by defendant "need not be explicit so long as the totality of circumstances allows a reason-

able inference that such compulsion was the unspoken purpose of the threat." *Id.*

Defendant contends the State failed to produce any evidence of force, threats of violence, or emphatic demands towards K.M. Our courts have held that in the case of a parent-child relationship, " 'constructive force [may] be reasonably inferred from the circumstances surrounding the parent-child relationship.' " *Corbett*, 154 N.C. App. at 716, 573 S.E.2d at 213 (quoting *Etheridge*, 319 N.C. at 47, 352 S.E.2d at 681). " 'The youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose.' " *Id.* As the Court stated in *Etheridge*,

> [t]he child's knowledge of [her] father's power may alone induce fear sufficient to overcome [her] will to resist, and the child may acquiesce rather than risk [her] father's wrath. . . . [F]orce can be understood in some contexts as the power one need not use.
>
> In such cases the parent wields authority as another assailant might wield a weapon. The authority itself intimidates; the implicit threat to exercise it coerces.

*Etheridge*, 319 N.C. at 48, 352 S.E.2d at 681-82 (internal citation omitted).

As in both *Etheridge* and *Corbett*, defendant began abusing K.M. when she was a minor child living in his home. He conditioned her to succumb to his illicit acts through the use of pornography and the regular occurrence of the sexual acts. K.M. was subject to defendant's parental authority, as were the child victims in *Etheridge* and *Corbett*. K.M. testified that defendant told her that he wanted to be the first one to have sex with her, and he complained to her that his wife was cold and did not have sex with him. She stated defendant said he was in love with her. Defendant also told K.M. about a dream he once had in which he shot both K.M. and himself. Defendant told K.M. that if she ever told anyone what he did with her, that he would go to jail which would ruin his life and he would have no reason to live. During her testimony, K.M. read from portions of her diary, in which she stated that defendant had tried to choke her, and that she feared for her life. She also wrote that defendant "always threatens me, whether it's to knock me through a wall, knock my teeth through my skull, or to kill me."

From the circumstances surrounding defendant's and K.M.'s parent-child relationship, we hold there is sufficient evidence from which a reasonable jury could conclude that defendant used his position of power, as K.M.'s father, to force her to engage in the various sexual acts. Thus, the trial court acted properly in denying defendant's motion to dismiss the charges of second-degree forcible sexual offense against K.M. (03 CRS 2314 and 2315). Defendant's assignment of error is overruled.

**[7]** Defendant next argues the trial court erred in failing to dismiss the charge of attempted second-degree rape of K.M. (03 CRS 2316).

In order for defendant to be convicted of attempted second-degree rape, the State must prove that defendant attempted to have vaginal intercourse with K.M. by force or against her will. *See* N.C. Gen. Stat. § 14-27.3(a)(1) (2001). As noted *supra*, in order to prove an attempt of a crime, the State must show that defendant had " '(1) the intent to commit the substantive offense, and (2) [he performed] an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense.' " *Sines*, 158 N.C. App. at 85, 579 S.E.2d at 899 (citation omitted). Defendant specifically contends there was insufficient evidence presented that he attempted to have intercourse with K.M., and that he used force or threats in his attempt to have intercourse with her.

As previously held, there was sufficient evidence presented to show that defendant attempted to have intercourse with K.M., through his repeated asking K.M. for sex and the multiple other sexual acts. These repeated acts constituted overt sexual behavior beyond mere preparation in his attempt to have intercourse with her. We also held that defendant's relationship with K.M. constituted one in which he had a position of power over her, and that he used his position in such a way as to constitute constructive force. Thus, there was sufficient evidence presented to sustain defendant's conviction for the attempted second-degree forcible rape of K.M. (03 CRS 2316), and the trial court acted properly in denying defendant's motion to dismiss. Defendant's assignment of error is overruled.

**[8]** Defendant next contends the trial court erred in failing to dismiss the charge of assault on a female, with K.M. being the female and the specific act being defendant's sucking on K.M.'s breasts (03 CRS 2318). Defendant was indicted and tried pursuant to North Carolina General Statutes, section 14-33(c)(2), which provides that "any person who commits any assault, assault and

battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he . . . [a]ssaults a female, he being a male person at least 18 years of age." N.C. Gen. Stat. § 14-33(c)(2) (2001).

Defendant does not dispute the fact that at the time of the alleged offense he was over the age of eighteen, and that he assaulted K.M. by sucking on her breasts. Instead defendant contends that in enacting section 14-33(c), it was the legislature's intention that the female victim be under the age of twelve. Section 14-33(c)(3) provides that "any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he . . . assaults a child under the age of 12 years." N.C. Gen. Stat. § 14-33(c)(3) (2001). Defendant contends the legislature's inclusion of an age limit for the victim in section 14-33(c)(3) also applies to any assault committed against a female as provided in section 14-33(c)(2). We find no merit in defendant's argument.

"The primary endeavor of courts in construing a statute is to give effect to legislative intent." *State v. Beck,* 359 N.C. 611, 614, 614 S.E.2d 274, 276-77 (2005) (citing *Liberty Mut. Ins. Co. v. Pennington,* 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002)). "This applies as equally to criminal statutes as to any other." *Id.* at 614, 614 S.E.2d at 277 (citing *State v. Jones,* 358 N.C. 473, 478, 598 S.E.2d 125, 128 (2004)). When the statutory language is clear and unambiguous, we are to interpret the language used by applying the plain and definite meaning to the words chosen by the legislature. *Id.* (citing *Fowler v. Valencourt,* 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993)).

In interpreting the meaning of section 14-33(c)(2), we first must look to the language chosen by the legislature in enacting the statute. Section 14-33(c) provides for several types of offenses for assault, assault and battery, or affray. *See* N.C. Gen. Stat. § 14-33(c) (2001).[3] Each of the subsections of section 14-33(c) are independent of each

---

3. North Carolina General Statutes, section 14-33(c) (2001) provides:

Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she:

(1) Inflicts serious injury upon another person or uses a deadly weapon;

(2) Assaults a female, he being a male person at least 18 years of age;

(3) Assaults a child under the age of 12 years;

other and provide for distinct ways in which a defendant may be found to have committed an assault. Our case law clearly establishes that the subsections of section 14-33(c) list separate and distinct offenses, and that the requirements of one subsection do not apply to or abrogate the other subsections. *See State v. Wallace,* 351 N.C. 481, 528 S.E.2d 326 (2000), *cert. denied,* 531 U.S. 1018, 148 L. Ed. 2d 498 (2000) (defendant's conviction for assault on a child upheld when assault was on defendant's son); *State v. Romero,* 164 N.C. App. 169, 595 S.E.2d 208 (2004) (defendant's conviction for assault on a child upheld when assaults were on his son and daughter); *State v. West,* 146 N.C. App. 741, 554 S.E.2d 837 (2001) (defendant's conviction for assault of a female upheld where he reached under a coworker's blouse and touched her breast with his hand); *State v. Ackerman,* 144 N.C. App. 452, 551 S.E.2d 139 (2001) (defendant's conviction for assault on a female upheld where female was old enough to drive and order an alcoholic drink); *State v. Smith,* 139 N.C. App. 209, 216, 533 S.E.2d 518, 522 (2000) ("Under [section] 14-33(c)(2), one commits assault on a female if he 'assaults a female, he being a male person at least 18 years of age.' "). Nothing in section 14-33(c)(2)—the section under which defendant was indicted, tried, and convicted—requires the female victim to be under a certain age. The only elements required for an assault under section 14-33(c)(2) are that the victim be a female, and the perpetrator be a male who is at least eighteen years old. *See* N.C. Gen. Stat. § 14-33(c)(2) (2001). Therefore, defendant's argument is without merit, and his assignment of error is overruled.

**[9]** Next, defendant contends the trial court erred in failing to dismiss the charge of assault on a female, with K.M. being the female and the specific act being defendant's fondling of her breasts on 4 June 2002. Defendant argues insufficient evidence was presented to show that defendant assaulted K.M. by fondling her breasts on 4 June 2002 (03 CRS 2319).

---

(4) Assaults an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties;

(5) [Repealed]; or

(6) Assaults a school employee or school volunteer when the employee or volunteer is discharging or attempting to discharge his or her duties as an employee or volunteer, or assaults a school employee or school volunteer as a result of the discharge or attempt to discharge that individual's duties as a school employee or school volunteer. . . .

At defendant's trial, K.M. presented the following testimony:

STATE: Okay. And Monday came, Monday, June the 3rd. What did you do Monday, June the 3rd?

K.M.: My dad woke me up. During the week he would wake me up by putting his hands up my bra or putting his hands down my pants. But that only lasted a few minutes until I woke up. I got dressed and went to school.

STATE: How long had that type of activity—that type of activity been going on, [K.M.]?

K.M.: I'm not exactly sure, but I believe—I remember it since Kathy and him got married.

STATE: How often would he wake you up in the morning?

K.M.: Almost every day during the week if nobody else was awake.

STATE: And how—how often would he wake you up in the way that you have described to the members of the jury?

K.M.: Almost every day during the week.

. . . .

STATE: And the next day comes, June the 4th.

K.M.: Right.

STATE: Tuesday. What happens June the 4th?

K.M.: June the 4th I was woke [sic] up the same way as I was every morning, and I got dressed and went to school.

Based upon K.M.'s testimony, we hold the jury reasonably could conclude that defendant awoke K.M. on 4 June 2002 in the same manner as he had on many other mornings, by fondling her breasts. When viewed in a light most favorable to the State, and giving the State the benefit of all reasonable inferences that may be drawn from K.M.'s testimony, there was sufficient evidence presented for a jury to decide the question of whether defendant committed an assault on a female by fondling K.M.'s breasts on 4 June 2002. Defendant's assignment of error is overruled. *See Sumpter*, 318 N.C. at 107, 347 S.E.2d at 399.

[10] In defendant's ninth assignment of error, he contends the trial court erred in failing to dismiss the charge of first-degree statutory rape of J.M. (03 CRS 2283). Defendant argues the State failed to present sufficient evidence that he had vaginal intercourse with J.M. prior to her thirteenth birthday.

North Carolina General Statutes, section 14-27.2(a)(1) provides that "[a] person is guilty of rape in the first degree if the person engages in vaginal intercourse . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." N.C. Gen. Stat. § 14-27.2(a)(1) (1999). Defendant does not dispute that at the time of the alleged offense he was at least twelve years old, and was at least four years older than J.M. Defendant contends J.M.'s testimony fails to show that he engaged in vaginal intercourse with her prior to her turning thirteen on 17 August 2000.

At trial, J.M. testified that her relationship with defendant changed in July or August 2000, when he began showing her pictures of naked men and women engaged in vaginal and anal intercourse. She stated that "[s]tarting in July, like, after he showed me pictures and then later, like, in the—after months, he started having sex with me. Like, he said I was ready for sex." J.M. testified the first time defendant had sex with her it was anal intercourse. She stated unequivocally that although defendant began touching her in July 2000, she was thirteen years old when defendant started having sexual intercourse with her.

Based upon the evidence presented at defendant's trial, we hold there was insufficient evidence that defendant engaged in vaginal intercourse prior to J.M.'s turning thirteen on 17 August 2000. Thus, the trial court erred in denying defendant's motion to dismiss as to the charge of first-degree statutory rape of J.M., as found in charge 03 CRS 2383. Defendant's conviction on this charge is thus reversed and the charge is dismissed.

[11] Defendant next argues the trial court failed to dismiss his four charges of first-degree statutory sexual offense against J.M. (03 CRS 2284, 2285, 2286, and 2287). Specifically, defendant contends the evidence presented at his trial failed to show that the alleged sexual acts occurred prior to J.M. turning thirteen on 17 August 2000.

We begin by noting that although defendant's indictments for these offenses cite North Carolina General Statutes, section 14-27.7A

as the statute defendant allegedly violated, the wording of the indictments reveals the statute contemplated by the State in charging defendant was actually section 14-27.4. Defendant's indictments for the four offenses are identical, and all state:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about and between the 4th day of July, 2000, and the 16th day of August, 2000, in the county named above the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with [J.M.], a child under the age of 13 years. At the time of the offense the defendant was at least twelve (12) years old and at least four (4) years older than the victim. This act was in violation of North Carolina General Statutes Section 14-27.7A.

Section 14-27.7A(a) sets forth the elements for the offense of the statutory rape or sexual offense of a person who is 13, 14, or 15 years old, when the perpetrator is at least six years older than the victim. N.C. Gen. Stat. § 14-27.7A(a) (1999). However, section 14-27.4(a)(1) sets forth the elements for the offense of first-degree statutory sexual offense with a child under the age of thirteen, when the perpetrator is at least twelve years old and at least four years older than the victim. N.C. Gen. Stat. § 14-27.4(a)(1) (1999). With respect to each of these offenses, the jury in defendant's trial was instructed pursuant to section 14-27.4(a)(1), rather than 14-27.7A. This Court previously has held that although an indictment may cite to the wrong statute, when the body of the indictment is sufficient to properly charge defendant with an offense, the indictment remains valid and the incorrect statutory reference does not constitute a fatal defect. *See State v. Jones*, 110 N.C. App. 289, 290-91, 429 S.E.2d 410, 411-12 (1993); *State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973). Thus, defendant's indictments for these four offenses remain valid, as they properly put him on notice that he was being charged pursuant to section 14-27.4(a)(1), with four counts of first-degree sexual offense against a child who was under the age of thirteen, where defendant was at least twelve years old and at least four years older than J.M., the victim.

[12] As previously stated, in order for defendant to be found guilty of first-degree sexual offense, pursuant to section 14-27.4(a)(1), the State was required to prove that the sexual acts occurred prior to J.M. turning thirteen on 17 August 2000. With respect to the four counts of first-degree statutory sexual offense against J.M., defendant was charged with performing anal intercourse with J.M., having J.M. per-

form oral sex upon him, digitally penetrating J.M., and performing oral sex upon J.M. Based upon our analysis of defendant's prior assignment of error, we hold there was also insufficient evidence to show that defendant engaged in these sexual acts prior to J.M. turning thirteen in August 2000. J.M. testified that defendant did not start touching her until a few months after he began showing her pornographic pictures in July 2000. While at one point she did testify that defendant started touching her in July 2000, she did not state how defendant touched her and she testified that the first time defendant had sex with her, she was thirteen. She also testified that over the course of two years, defendant performed various other sexual acts upon her, including having her perform oral sex upon him, vaginal intercourse, digital penetration, and anal intercourse. However, J.M.'s testimony regarding these events fails to indicate that they occurred during the period of July 2000 when defendant began touching her and 16 August 2000, the day prior to her thirteenth birthday.

Therefore, we hold J.M.'s testimony does not constitute sufficient evidence to support the reasonable inference that defendant committed these offenses prior to her turning thirteen. Thus, the trial court erred in denying defendant's motions to dismiss as to the four counts of first-degree statutory sexual offense against J.M., as found in cases 03 CRS 2284, 2285, 2286, and 2287. Defendant's convictions on these charges are reversed and the charges are dismissed.

Defendant next contends that judgment should be arrested in the following cases, based upon the fact that the indictments for the offenses allege the same dates of occurrence, yet fail to differentiate the offenses in any way: first-degree statutory sexual offense (J.M.) (03 CRS 2284, 2285, 2286, and 2287); statutory sexual offense against a person who is 13, 14, or 15 years old (J.M.) (03 CRS 2289, 2290, 2291, and 2292); taking indecent liberties with a child (K.M.) (03 CRS 2302, 2303, 2304, 2305, and 2306); statutory sexual offense against a person who is 13, 14, or 15 years old (K.M.) (03 CRS 2309 and 2310); second-degree forcible sexual offense (K.M.) (03 CRS 2314 and 2315); and assault on a female by a male at least 18 years of age (K.M.) (03 CRS 2317, 2318, and 2319). Specifically, defendant contends the lack of specificity in the indictments deprived him of his constitutional right to a unanimous jury verdict.

[13] A defendant's failure to object at trial to a possible violation of his right to a unanimous jury verdict does not waive his right to appeal on the issue, and it may be raised for the first time on appeal.

*State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). When defendant is tried in a jury trial, "the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged." *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982). Thus, although defendant failed to raise this issue before the trial court, he was not required to do so and the issue may be addressed on appeal.

[14] On appeal, defendant relies on this Court's holding in *State v. Gary Lee Lawrence, Jr.* (*G. Lawrence*), 165 N.C. App. 548, 599 S.E.2d 87 (2004), *rev'd in part*, 360 N.C. 393, 627 S.E.2d 615 (2006), in which we held the defendant's right to a unanimous jury verdict was violated when he was charged with multiple counts of sexual offenses in indictments that failed to differentiate the specific acts constituting the offenses. However, our opinion in *G. Lawrence* was reversed by our Supreme Court with respect to this issue; thus, defendant's argument on appeal is without merit.

For the reasons stated in *State v. Markeith Rodgers Lawrence* (*M. Lawrence*), 360 N.C. 368, 627 S.E.2d 609 (2006), our Supreme Court reversed in part our holding in *G. Lawrence*. In *M. Lawrence*, the Court held when the trial court " 'merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied.' " 360 N.C. at 374, 627 S.E.2d at 612 (quoting *State v. Lyons*, 330 N.C. 298, 303, 412 S.E.2d 308, 312 (1991)) (emphasis in original). Thus, " '[t]he risk of a nonunanimous verdict does not arise in cases such as the one at bar because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive.' " *Id.* at 375, 627 S.E.2d at 613 (quoting *State v. Hartness*, 326 N.C. 561, 564, 391 S.E.2d 177, 179 (1990)). The Court held that a defendant may be unanimously convicted of a sexual offense, such as taking indecent liberties with a child, even when the indictment "lacked specific details to identify the specific incidents." *Id.*

In defendant's case, we already have addressed the fact that his indictments remain valid absent the inclusion of the specific acts which constituted the alleged sexual offenses. Moreover, the jury instructions and verdict sheets for each offense specifically identified each case by its number, listed the date on which each offense was alleged to have occurred, and listed the specific acts which were to serve as the underlying basis for each offense. The jury was in-

structed specifically in each case in which defendant was charged with multiple counts of the same offense involving the same victim, that each of the acts serving as the basis for the separate counts must have occurred on a date different than in the other cases charging defendant with the same offense involving the same victim. There is nothing in the record to indicate that the jury was confused by either the trial court's instructions or the verdict sheets. In addition, the jury was polled following the announcement of the verdicts, thereby further ensuring that each verdict was the result of a unanimous decision. *See State v. Tirado*, 358 N.C. 551, 584, 599 S.E.2d 515, 537 (2004).

Thus, based upon our Supreme Court's holding in *M. Lawrence*, we hold that defendant was not deprived of his right to a unanimous jury verdict, and defendant's assignment of error is overruled.

[15] In defendant's final assignment of error, he contends that judgment should be arrested in each of the cases listed in the previous argument, based upon the failure of the indictments to differentiate the offenses charged in any way, thereby violating his right not to be subjected to double jeopardy. Defendant contends that by failing to differentiate the various charges by providing different dates for the offenses and listing the underlying acts, the indictments open the door to his being subjected to double jeopardy for the same acts on the same dates. Defendant's argument previously has been rejected by our Supreme Court, and is without merit.

Each of the indictments in defendant's case lists a separate case number, and sufficiently charges defendant with one count of the alleged offenses. The indictments allege all of the elements of each offense, as required by the various statutes. Our statutes do not require that indictments for sexual offenses, such as statutory sexual offense, taking indecent liberties with a child, or assault on a female, specifically state the underlying act constituting the offense. *See* N.C. Gen. Stat. § 15-144.2(a) (2005); *see also Kennedy*, 320 N.C. 20, 23-25, 357 S.E.2d 359, 361-63 (1987); *Effler*, 309 N.C. at 745-47, 309 S.E.2d at 205-06; *Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 361-62 (1982); *Youngs*, 141 N.C. App. at 229-31, 540 S.E.2d at 800-01.

Our Supreme Court has held that an indictment must sufficiently put a defendant on notice of the charges against him. *See Kennedy*, 320 N.C. at 24, 357 S.E.2d at 362. " 'An indictment is "constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to

protect him from subsequent prosecution for the same offense." ' " *State v. McGriff*, 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002) (quoting *State v. Hutchings*, 139 N.C. App. 184, 188, 533 S.E.2d 258, 261, *disc. rev. denied*, 353 N.C. 273, 546 S.E.2d 381 (2000)). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense," and "need only allege the ultimate facts constituting the elements of the criminal offense and that evidentiary matters need not be alleged." *State v. Blackmon*, 130 N.C. App. 692, 699, 507 S.E.2d 42, 46, *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998).

In the instant case, defendant's indictments for all his charges of first-degree statutory sexual offense, statutory sexual offense against a person who is 13, 14, or 15 years of age, and second-degree sexual offense are in compliance with the requirements of North Carolina General Statutes, section 15-144.2, and the indictments match the wording of sections 14-27.4(a)(1), 14-27.7A(a), and 14-27.5(a)(1). Defendant's indictments for the charges of taking indecent liberties with a child match the wording of section 14-202.1(a)(2), and his assault on a female indictments match the wording of section 14-33(c)(2). Therefore, each of the indictments was sufficient to inform defendant of the charges against him, and he has failed to show any deprivation of his ability to prepare a defense due to a lack of specificity in the indictments. Accordingly, his final assignment of error is overruled.

Therefore, we find no error in defendant's convictions in cases 03 CRS 2289, 2290, 2291, 2292, 2302, 2303, 2304, 2305, 2309, 2310, 2311, 2312, 2313, 2314, 2315, 2316, 2317, 2318, and 2319, and we reverse and dismiss defendant's convictions in cases 03 CRS 2283, 2284, 2285, 2286, 2287, and 2306.

No Error in part; Reversed and remanded for resentencing in part.

Judges CALABRIA and GEER concur.