STATE OF NORTH CAROLINA
v.
RAYMOND LEE MUELLER, Defendant.
No. COA09-219
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant.
ELMORE, Judge.
On 3 May 2005, Raymond Lee Mueller (defendant) was found guilty by a jury of thirty-three felonies and three misdemeanors. He then received eight consecutive terms of imprisonment: four terms of 240 to 297 months, followed by two terms of 288 to 355 months, followed by two terms of 100 to 129 months. Defendant's aggregate original sentence for all convictions was 1736 to 2156 months.
In 2007, defendant appealed to this Court, which reversed and dismissed several of defendant's convictions, including one conviction (03 CRS 2306) that had been consolidated by the trial court into a judgment with thirteen other convictions. State v. Mueller, 184 N.C. App. 553, 561-62, 647 S.E.2d 440, 447 (2007) (Mueller I). Of the thirteen remaining convictions in the consolidated judgment, six convictions (03 CRS 2312, 2313, 2315, 2316, 2318, and 2319) were remanded to the trial court for re-sentencing; the remaining seven convictions (03 CRS 2302, 2303, 2304, 2305, 2307, 2308, and 2317) were not remanded for re-sentencing, and defendant remains unsentenced on those seven convictions. See id. at 562 n.2, 647 S.E.2d at 447 n.2 ("Only those convictions properly before this Court on appeal may be considered upon resentencing. The following convictions were not appealed from the trial court: 03 CRS 2302-05 (taking indecent liberties with children); 03 CRS 2307-08 (felony child abuse); and 03 CRS 2317 (assault on a female).")
At the re-sentencing hearing, the trial court consolidated the six remanded convictions into three separate judgments and then sentenced defendant to consecutive sentences of 15 to 18 months, 100 to 129 months, and 77 to 102 months. As such, the aggregate sentence for the six remanded convictions was 192 to 249 months. Before remand, the aggregate sentence for all fourteen of the consolidated charges had been 100 to 129 months.
Defendant appeals the sentence imposed during the re-sentencing hearing. For the reasons stated below, we vacate defendant's sentence on the six remanded convictions and remand them, again, for re-sentencing.

I.
Defendant argues that the trial court erred by sentencing defendant to a more severe sentence on remand after one of his convictions had been set aside by this Court. We agree.
Defendant was originally sentenced to 100 to 129 months' imprisonment for a consolidated judgment of fourteen convictions. Per our opinion in Mueller I, one conviction was dismissed; six convictions were remanded for re-sentencing; and the remaining seven convictions were ordered not to be remanded for resentencing (see Section II below for discussion of these seven convictions). Per the re-sentencing for the six convictions that were remanded by Mueller I, defendant received an aggregate sentence of 192 to 249 months' imprisonment, almost twice as long as his original sentence for these offenses.
Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
North Carolina v. Pearce, 395 U.S. 711, 725, 23 L. Ed. 2d 656, 669 (1969) (footnote omitted). North Carolina General Statute § 15A-1335, whose official comments state that it "embodies generally the rule of North Carolina v. Pearce," mandates:
When a conviction or sentence imposed in superior court had been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.
N.C. Gen. Stat. § 15A-1335 (2007).
Neither party disputes that defendant successfully appealed some of his convictions, but the State argues that N.C. Gen. Stat. § 15A-1335 was not violated because defendant's aggregate prison sentence for all convictions, including those that were not remanded, is still less than his original prison sentence for all convictions. That is, defendant's original aggregate sentence was 1736 to 2156 months, and defendant's aggregate sentence after his first appeal and re-sentencing is 1348 to 1682 months. The State's argument is that, despite defendant's more severe punishment on the six remanded convictions, he still faces a shorter aggregate prison sentence because several of defendant's convictions had been vacated by this Court in Mueller I; therefore, the State argues, N.C. Gen. Stat. § 15A-1335 is not violated. This argument is without merit.
N.C. Gen. Stat. § 15A-1335 plainly states that "the court may not impose a new sentence for the same offense . . . which is more severe than the prior sentence." N.C. Gen. Stat. § 15A-1335 (2007) (emphasis added). Therefore, defendant's sentence for the remanded convictions is the sentence that cannot be exceeded upon re-sentencing. Here, defendant was sentenced to 100 to 129 months for the fourteen consolidated convictions, yet he was re-sentenced to 192 to 249 months for a subset of those same fourteen convictions. As such, N.C. Gen. Stat. § 15A-1335 is clearly violated because defendant was given a more severe punishment for the same offenses. State v. Wagner, 356 N.C. 599, 602, 572 S.E.2d 777, 779 (2002) ("Pursuant to this statute a defendant whose sentence has been successfully challenged cannot receive a more severe sentence for the same offense or conduct on remand."). Indeed, this Court has held that N.C. Gen. Stat. § 15A-1335 has been violated where a defendant had convictions vacated by appellate courts but still received the same prison sentence upon re-sentencing because it meant that defendant had been punished more severely for each individual conviction, even though his aggregate prison sentence remained the same. State v. Hemby, 333 N.C. 331, 336-37, 426 S.E.2d 77, 79-80 (1993); State v. Nixon, 119 N.C. App. 571, 574-75, 459 S.E.2d 49, 51 (1995). Thus, the trial court erred by concluding that defendant's sentences for convictions that had not been remanded could still be considered when determining whether defendant received a more severe punishment on remand.
Because the trial court improperly imposed a more severe sentence on defendant for the six remanded convictions than he faced for the same convictions under his original sentence, we vacate and remand defendant's judgment in 03 CRS 2312, 2313, 2315, 2316, 2318, and 2319 for re-sentencing in accordance with N.C. Gen. Stat. § 15A-1335.

II.
Defendant and the State both request that this Court remand for re-sentencing the seven convictions whose judgments were vacated by Mueller I but not ordered to be re-sentenced because defendant had failed to appeal those convictions to the Court. Defendant stands convicted by a jury on those seven charges, but he has not received any sentence for them. As such, and as we are remanding the convictions at issue in this case for resentencing, it is appropriate that the sentencing hearing conducted pursuant to this opinion include those seven convictions as well.

III.
For the reasons stated above, we vacate and remand the judgments in 03 CRS 2312, 2313, 2315, 2316, 2318, and 2319 for re-sentencing in accordance with N.C. Gen. Stat. § 15A-1335. We also remand the judgments in 03 CRS 2302, 2303, 2304, 2305, 2307, 2308, and 2317 for re-sentencing in accordance with N.C. Gen. Stat. § 15A-1335.
Vacated and remanded.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e).