TYSON, Judge.
 

 *338
 
 Robert Harold Johnson, ("Defendant") appeals from judgments entered upon his convictions for first degree sex offense with a child and sex offense by a substitute parent. We find no error in part, and reverse in part and remand to the trial court to issue correct findings and orders regarding sex offender registration and satellite-based monitoring ("SBM") requirements.
 

 I. Background
 

 Defendant was arrested and a Watauga County Grand Jury indicted Defendant on three counts of sexual offense with a child, three counts of sexual activity by a substitute parent, and three counts of taking indecent liberties with a child. The charges were spread among three identical superseding indictments dated 5 January 2015, each of which contained one count of each offense.
 

 Prior to jury selection, the State voluntarily dismissed the three counts of indecent liberties with a child. The remaining charges for sexual offense with a child and sexual activity by a substitute parent were joined for trial without objection.
 

 Evidence presented by the State at trial tended to show Defendant forced his wife's ten-year-old son to perform fellatio on him, when Defendant was supposed to be taking the juvenile to school and at
 
 *339
 
 other times inside and outside the juvenile's grandparents' house, where Defendant and the juvenile lived.
 

 On 3 December 2015, the jury returned verdicts finding Defendant guilty of all six charges-three counts of sex offense with a child and three counts of sex activity by a substitute parent. Based upon the verdicts, the trial court entered three separate judgments corresponding to the indictments, with one count of each offense included in each judgment. Defendant received three consecutive sentences of 300 to 420 months imprisonment. The court further ordered that upon Defendant's release from prison, Defendant shall register as a sex offender for life and enroll in SBM for the remainder of his life. Defendant filed notice of appeal on 11 December 2015.
 

 II. Jurisdiction
 

 Jurisdiction lies in the Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2015) and N.C. Gen. Stat. § 15A-1444(a) (2015).
 

 III. Issues
 

 On appeal, Defendant raises the following three issues: whether the trial court erred by (1) allowing the jury to return guilty verdicts that were potentially less than unanimous by failing to adequately detail the incident of sex offense alleged in a particular indictment; (2) ordering lifetime sex offender registration based on a finding that Defendant was convicted of an aggravated offense; and (3) ordering lifetime SBM without a determination that the program was a reasonable search.
 

 IV. Unanimous Verdicts
 

 In order to clarify and better distinguish sexual offenses, many of the sexual offense statutes were reorganized, renamed, and renumbered by the General Assembly following this Court's recommendation in
 
 State v. Hicks
 
 ,
 
 239 N.C.App. 396
 
 ,
 
 768 S.E.2d 373
 
 (2015).
 
 See
 

 2015 N.C. Sess. Laws 181
 
 (effective 1 Dec. 2015). Those changes became effective 1 December 2015, but apply only to
 
 *125
 
 the prosecution of offenses committed after the effective date.
 
 See
 
 2015 N.C. Sess. Laws. 181 sec. 48. We reference the previous version of the statutes in effect at the time the offenses in this case were committed.
 

 The three superseding indictments in this case were identical, each charging one count of sex offense with a child in violation of
 
 N.C. Gen. Stat. § 14-27
 
 .4A(a) and one count of sexual activity by a substitute parent in violation of
 
 N.C. Gen. Stat. § 14-27.7
 
 (a) within the same period of time and without details distinguishing between the incidents. The
 
 *340
 
 evidence presented to the jury at trial included evidence of multiple sexual interactions between Defendant and the juvenile.
 

 During the charge conference, the court inquired of counsel how to differentiate between the offenses in the charge to the jury. In response, the prosecutor suggested that the offenses be differentiated based on where each offense was alleged to have occurred-"inside Dovie Evans' house," "outside of Dovie Evans's [sic] house," and "at the end of a dirt road near Dovie Evans's [sic] house." The defense objected to the prosecutor's suggestion contending the locations were "a little too broad and open-ended." Although the defense suggested more specific instructions, the defense declined to offer specific suggestions.
 

 After considering options to make the instructions more specific, the court noted Defendant's objection and decided it would differentiate between the offense based on where the offenses were alleged to have occurred as follows: "inside Dovie Evans' house," "outside Dovie Evans' house, but on Dovie Evans' property[,]" and "at the end of a dirt road off Snyder Branch road near Dovie Evans' house." The jury was then instructed on the sex offense with a child and sexual activity by a substitute parent offenses with the offenses differentiated by where they were alleged to have occurred, as decided during the charge conference. The defense did not object to the instructions. The verdict sheets provided to the jury also differentiated between the offenses by where each offense was alleged to have occurred. The defense also did not object to the verdict sheets.
 

 Defendant challenges the entry of judgements on convictions for the offenses purportedly occurring "inside Dovie Evans' house" and "outside Dovie Evans' house but on Dovie Evans' property" in file numbers 14 CRS 1235 and 14 CRS 50591. Defendant contends the trial court erred in failing to sufficiently identify the incidents constituting the offenses and, therefore, deprived him of his right to unanimous jury verdicts.
 

 A. Standard of Review
 

 "The North Carolina Constitution and North Carolina Statutes require a unanimous jury verdict in a criminal jury trial."
 
 State v. Lawrence
 
 ,
 
 360 N.C. 368
 
 , 373-74,
 
 627 S.E.2d 609
 
 , 612 (2006) (citing N.C. Const. art. 1, § 24 ; N.C. Gen. Stat. § 15A-1237(b) ). Although Defendant did not object to the instructions or the verdict sheets provided to the jury, "where the [alleged] error violates the right to a unanimous jury verdict under Article I, Section 24, it is preserved for appeal without any action by counsel."
 

 *341
 

 State v. Wilson
 
 ,
 
 363 N.C. 478
 
 , 484,
 
 681 S.E.2d 325
 
 , 330 (2009) (citation omitted). "This is so because 'the right to a unanimous jury verdict is fundamental to our system of justice.' "
 
 State v. Gillikin
 
 ,
 
 217 N.C.App. 256
 
 , 261,
 
 719 S.E.2d 164
 
 , 168 (2011) (quoting
 
 Wilson
 
 ,
 
 363 N.C. at 486
 
 ,
 
 681 S.E.2d at
 
 331 ).
 

 B. Analysis
 

 Defendant argues that with respect to both the sexual assault purported to have occurred inside the house and the sexual assault purported to have occurred outside the house but on the property, "the jury heard testimony about two distinctly different incidents involving a sex offense and the jury could have returned its verdicts of guilt without being unanimous that the Defendant committed a particular offense." The State argues that the indictments were sufficient to give Defendant notice of the charges, that there was sufficient evidence to support convictions on the charged offenses in each location, and that the jury instructions were clear.
 

 Upon review of both parties' arguments, it is evident the State's response does not directly address Defendant's argument. Defendant's
 
 *126
 
 argument asserts the evidence presented at trial showed multiple, distinct instances of sexual assault occurring inside the house and multiple, distinct instances of sexual assault occurring outside the house, but on the property. Because the jury was not provided more details in the instructions or on the verdict sheets, Defendant contends he is not certain whether the jury unanimously found Defendant guilty based on the same incidents. We disagree.
 

 "To convict a defendant, the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged."
 
 State v. Jordan
 
 ,
 
 305 N.C. 274
 
 , 279,
 
 287 S.E.2d 827
 
 , 831 (1982). As this Court has explained,
 

 [t]here is no risk of a nonunanimous verdict ... where the statute under which the defendant is charged criminalizes "a single wrong" that "may be proved by evidence of the commission of any one of a number of acts ...; [because in such a case] the particular act performed is immaterial."
 

 State v. Petty
 
 ,
 
 132 N.C.App. 453
 
 , 460,
 
 512 S.E.2d 428
 
 , 433 (quoting
 
 State v. Hartness
 
 ,
 
 326 N.C. 561
 
 , 566-67,
 
 391 S.E.2d 177
 
 , 180 (1990) ),
 
 appeal dismissed and disc. review denied
 
 ,
 
 350 N.C. 598
 
 ,
 
 537 S.E.2d 490
 
 (1999). In
 
 Petty
 
 , this Court analyzed the first degree sexual offense in violation of
 
 N.C. Gen. Stat. § 14-27.4
 
 (a) and held the "gravamen, or gist, is to criminalize the performance of a sexual act with a child."
 

 *342
 

 Id
 
 . at 461-62,
 
 512 S.E.2d at 434
 
 . The statute "does not create disparate offenses, rather it enumerates the methods by which the single wrong of engaging in a sexual act with a child may be shown."
 
 Id
 
 . at 462,
 
 512 S.E.2d at 434
 
 . Thus, instructions that a defendant could be found guilty of first degree sex offense based on different sexual acts was not error.
 
 Id
 
 . at 462-63,
 
 512 S.E.2d at 434
 
 . The analysis applies equally to sexual offense with a child pursuant to
 
 N.C. Gen. Stat. § 14-27
 
 .4A and sexual activity by a substitute parent pursuant to
 
 N.C. Gen. Stat. § 14-27.7
 
 (a), both of which criminalize a "sexual act," and not the method by which the sexual act is perpetrated.
 

 More recently, our Supreme Court applied the same reasoning in
 
 Lawrence
 
 , while addressing the issue of jury unanimity on three counts of indecent liberties with a minor.
 
 Lawrence
 
 ,
 
 360 N.C. at 373
 
 ,
 
 627 S.E.2d at 612
 
 . In
 
 Lawrence
 
 , the Court recognized that "the indecent liberties statute simply forbids 'any immoral, improper, or indecent liberties.' "
 
 Id
 
 . at 374,
 
 627 S.E.2d at 612
 
 (quoting
 
 N.C. Gen. Stat. § 14-202.1
 
 (a)(1) (2005) ). "Thus, even if some jurors found that the defendant engaged in one kind of sexual misconduct, while others found that he engaged in another, the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of any immoral, improper, or indecent liberties."
 
 Id
 
 . (citations and internal quotation marks omitted). Consequently, the Court held "a defendant may be unanimously convicted of indecent liberties even if: (1) the jurors considered a higher number of incidents of immoral or indecent behavior than the number of counts charged, and (2) the indictments lacked specific details to identify the specific incidents."
 
 Id
 
 . at 375,
 
 627 S.E.2d at 613
 
 .
 

 Subsequent to
 
 Lawrence
 
 , this Court has applied the same rationale to overrule arguments regarding jury unanimity on sexual offense charges where " 'the jury was instructed on all issues, including unanimity; [and] separate verdict sheets were submitted to the jury for each charge.' "
 
 State v. Brigman
 
 ,
 
 178 N.C.App. 78
 
 , 93-94,
 
 632 S.E.2d 498
 
 , 508 (quoting
 
 Lawrence
 
 ,
 
 360 N.C. at 376
 
 ,
 
 627 S.E.2d at
 
 613 ),
 
 appeal dismissed and disc. review denied
 
 ,
 
 360 N.C. 650
 
 ,
 
 636 S.E.2d 813
 
 (2006) ;
 
 see
 

 State v.
 

 Wallace
 
 ,
 
 179 N.C.App. 710
 
 , 719-20,
 
 635 S.E.2d 455
 
 , 462-63 (2006),
 
 appeal dismissed and disc. review denied
 
 ,
 
 361 N.C. 436
 
 ,
 
 649 S.E.2d 896
 
 (2007) ;
 
 State v. Burgess
 
 ,
 
 181 N.C.App. 27
 
 , 37-38,
 
 639 S.E.2d 68
 
 , 75-76 (2007),
 
 cert. denied
 
 ,
 
 365 N.C. 337
 
 ,
 
 717 S.E.2d 384
 
 -85 (2011). This Court has also explained that
 

 [t]he reasoning our Supreme Court set forth in
 
 Lawrence
 
 may be imputed to sexual offense charges because: (1)
 
 N.C. Gen. Stat. § 15-144.2
 
 (a) authorizes, for sexual offense,
 
 *343
 
 an abbreviated form of indictment which omits allegations of the particular elements that distinguish first-degree and second-degree sexual offense[;] and (2) if a defendant wishes additional information in
 
 *127
 
 the nature of the specific "sexual act" with which he stands charged, he may move for a bill of particulars.
 

 Wallace
 
 ,
 
 179 N.C.App. at 720
 
 ,
 
 635 S.E.2d at 462-63
 
 (2006) (citations omitted).
 

 Based on
 
 Lawrence
 
 and its progeny, we overrule Defendant's arguments regarding jury unanimity in this case, even though the jury may have considered a greater number of incidents than those charged in the indictments. Here, Defendant was charged with three counts of sexual offense with a child and three counts of sexual activity by a substitute parent in three separate indictments alleging one count of each offense. The jury instructions and the verdict sheets distinguished between the three sets of charges based upon the different locations where the offenses allegedly occurred and the State presented evidence of sexual offenses in each of the locations identified. Jury unanimity was shown as there was evidence of fellatio inside the house both at the computer table and in the bathroom, or that there was evidence of fellatio outside the house but on the property both inside a car and in the driveway.
 

 Moreover, this Court has identified the following factors to consider when determining whether a defendant has been unanimously convicted by a jury:
 

 (1) whether defendant raised an objection at trial regarding unanimity; (2) whether the jury was instructed on all issues, including unanimity; (3) whether separate verdict sheets were submitted to the jury for each charge; (4) the length of time the jury deliberated and reached a decision on all counts submitted to it; (5) whether the record reflected any confusion or questions as to jurors' duty in the trial; and (6) whether, if polled, each juror individually affirmed that he or she had found defendant guilty in each individual case file number.
 

 State v. Pettis
 
 ,
 
 186 N.C.App. 116
 
 , 123,
 
 651 S.E.2d 231
 
 , 235 (2007). In the present case, although Defendant initially objected to the language proposed to differentiate the charges at the charge conference, Defendant did not object to the instructions issued to the jury or to the verdict sheets provided to the jury. The trial court instructed the jury on its duty of unanimity and the jury returned its guilty verdicts after approximately
 
 *344
 
 twenty minutes of deliberation. There is no indication in the record that the jury was confused, and the jurors confirmed their guilty verdicts upon being polled in open court.
 

 Under the circumstances in this case, there is no issue concerning unanimity of the jury verdicts. Thus, the trial court did not err in entering judgments for sexual offense with a child and sexual activity by a substitute parent in the case numbers 14 CRS 1235 and 14 CRS 50591. Similarly, the trial court did not err in entering the third judgment in 14 CRS 51139, which Defendant does not challenge on appeal.
 

 V. Registration Requirement
 

 Defendant also challenges the trial court's order that he register as a sex offender for life upon his release from prison. Upon review, we reverse the trial court's order concerning sex offender registration and remand to the trial court.
 

 Our General Assembly has established registration programs to assist law enforcement in the protection of the public from persons who are convicted of sex offenses or of certain other offenses committed against minors.
 
 N.C. Gen. Stat. § 14-208.5
 
 (2015) ;
 
 see also
 

 N.C. Gen. Stat. § 14-208
 
 .6A (2015). To that end, a person who has a "reportable conviction" is required to register for a period of at least 30 years.
 
 N.C. Gen. Stat. § 14-208.7
 
 (2015). A person who is a recidivist, who is convicted of an aggravated offense, or who is classified as a sexually violent predator is required to maintain registration for life.
 
 N.C. Gen. Stat. § 14-208.23
 
 (2015).
 

 In this case, the orders for lifetime registration were based on the court's findings that Defendant has been convicted of reportable convictions and that the offenses of conviction are aggravated offenses. Defendant did not contest either of these findings below. While Defendant acknowledges on appeal that he was convicted of reportable convictions and is therefore required to register as a sex offender, Defendant now contends the court erred in ordering registration for life
 
 *128
 
 based upon findings he was convicted of aggravated offenses. Defendant argues on appeal that neither sexual offense with a child nor sexual activity by a substitute parent are listed as aggravated offenses in the statute. We agree.
 

 A. Standard of Review
 

 Despite Defendant's failure to object below, this issue is preserved for appeal. As stated above,
 
 N.C. Gen. Stat. § 14-208.23
 
 provides that "[a] person who is a recidivist, who is convicted of an aggravated offense, or who is classified as a sexually violent predator
 
 shall
 

 *345
 
 maintain registration for the person's life." (emphasis supplied). "[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial."
 
 State v. Ashe
 
 ,
 
 314 N.C. 28
 
 , 39,
 
 331 S.E.2d 652
 
 , 659 (1985). Defendant alleges a violation of a statutory mandate, and "[a]lleged statutory errors are questions of law and as such, are reviewed
 
 de novo
 
 ."
 
 State v. Mackey
 
 ,
 
 209 N.C.App. 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721 (2011) (internal citations omitted).
 

 B. Analysis
 

 For purposes of sex offender registration and SBM requirements,
 

 "[a]ggravated offense" means any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.
 

 N.C. Gen. Stat. § 14-208.6
 
 (1a) (2015).
 

 Defendant asserts "the trial court 'is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction' when determining whether a defendant's 'conviction offense [i]s an aggravated offense. ...' "
 
 State v. Treadway
 
 ,
 
 208 N.C.App. 286
 
 , 302,
 
 702 S.E.2d 335
 
 , 348 (2010) (quoting
 
 State v. Davison
 
 ,
 
 201 N.C.App. 354
 
 , 364,
 
 689 S.E.2d 510
 
 , 517 (2009) ). "In other words, the elements of the conviction offense must 'fit within' the statutory definition of 'aggravated offense.' "
 
 State v. Boyett
 
 ,
 
 224 N.C.App. 102
 
 , 116,
 
 735 S.E.2d 371
 
 , 380 (2012) (citing
 
 State v. Singleton
 
 ,
 
 201 N.C.App. 620
 
 , 630,
 
 689 S.E.2d 562
 
 , 569,
 
 disc. review improvidently allowed
 
 ,
 
 364 N.C. 418
 
 ,
 
 700 S.E.2d 226
 
 (2010) ). Thus, our review is limited to comparing the statutory definition of "aggravated offense" to the elements of the convicted offenses.
 

 First, Defendant was charged and convicted on three counts of sexual offense with a child under
 
 N.C. Gen. Stat. § 14-27
 
 .4A(a). At the time of the offenses, that statute provided that "[a] person is guilty of sexual offense with a child if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years."
 
 N.C. Gen. Stat. § 14-27
 
 .4A (2013). Thus, the elements of sexual offense with a child are (1) a sexual act, (2) with a victim under the age of 13 years, (3) by a person who is at least 18 years old.
 

 *346
 
 Second, Defendant was charged and convicted on three counts of sexual activity by a substitute parent under
 
 N.C. Gen. Stat. § 14-27.7
 
 (a). At the time of the offenses, that statute provided that "[i]f a defendant who has assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home ... the defendant is guilty of a Class E felony. Consent is not a defense to a charge under this section."
 
 N.C. Gen. Stat. § 14-27.7
 
 (a) (2013). Thus, the elements of sexual activity by a substitute parent are (1) vaginal intercourse or a sexual act, (2) with a minor victim residing in a home, (3) by a person who has assumed the position of a parent in the minor victim's home.
 

 When comparing the elements of the convicted offenses to the elements in the definition of an aggravated offense, the elements do not precisely align.
 

 We begin our analysis with part two of the definition of aggravated offense, which the State does not address. Under part two, an offense can only be found to be an aggravated offense if it includes "engaging in a sexual act involving vaginal, anal, or oral penetration
 
 *129
 
 with a victim who is less than 12 years old."
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a)(ii). Whereas this second category of aggravating offense requires a victim to be under the age of 12, sexual offense with a child requires proof that the victim is under the age of 13 and sexual activity by a substitute parent requires proof that the victim is a minor-that is under the age of 18. Because the age elements differ and neither convicted offense requires proof that a victim is under the age of 12, Defendant's convicted offenses are not aggravated offenses under the second part of the aggravated offense definition.
 
 See
 

 Treadway
 
 ,
 
 208 N.C.App. at 303
 
 ,
 
 702 S.E.2d at 348
 
 (holding "first degree sexual offense pursuant to
 
 N.C. Gen. Stat. § 14-27.4
 
 (a)(1) is not an aggravated offense[ ]" because, "[c]learly, a child under the age of 13 is not necessarily also a child less than 12 years old.").
 

 Although the State does not address the second part of the definition, the State contends both sexual offense with a child and sexual activity by a substitute parent are aggravated offenses under part one of
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a). Like part two of the definition, part one requires a sexual act involving penetration. However, instead of an age element, part one of the aggravated offense definition requires that the "sexual act involving vaginal, anal, or oral penetration" be perpetrated "through the use of force or the threat of serious violence[.]"
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a)(i).
 

 *347
 
 On appeal, the State asserts that the sexual act in this case involved oral penetration through the use of force. The State contends the elements of both sexual offense with a child and sexual activity by a substitute parent fall within the elements required for an aggravated offenses under
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a)(i). In support of its argument, the State cites
 
 State v. Sprouse
 
 ,
 
 217 N.C.App. 230
 
 ,
 
 719 S.E.2d 234
 
 (2011),
 
 disc. review denied
 
 ,
 
 365 N.C. 552
 
 ,
 
 722 S.E.2d 787
 
 (2012), for the proposition that a sexual offense against a minor necessarily involves the use of force or the threat of serious violence, because a minor is incapable of consent as a matter of law. Besides asserting that the specific facts in this case show oral penetration, facts which the State acknowledges are not considered in the determination of whether a convicted offense is an aggravated offense, the State does not address whether the convicted offenses require proof of penetration.
 

 In
 
 Sprouse
 
 , the defendant was convicted on multiple counts of statutory rape, statutory sex offense, indecent liberties with a child, and sexual activity by a substitute parent, and ordered to enroll in lifetime SBM for all offenses.
 
 Id
 
 . at 235, 719 S.E.2d at 239. Among the issues on appeal, the defendant argued the lifetime SBM orders were in error because the convictions were not for aggravated offenses.
 
 Id
 
 . at 239, 719 S.E.2d at 241. This Court noted "no meaningful distinction between [first-degree rape of a child and statutory rape] for purposes of lifetime SBM" and, therefore, affirmed the orders of lifetime SBM based on the defendant's statutory rape convictions.
 
 Id.
 
 at 240-41, 719 S.E.2d at 242. This Court, however, reversed the orders of lifetime SBM based upon the convictions for statutory sex offense, sexual activity by a substitute parent, and indecent liberties with a child because "they do not meet the definition of an aggravated offense."
 
 Id
 
 . at 241, 719 S.E.2d at 242.
 

 In
 
 Sprouse
 
 , this Court relied upon
 
 State v. Clark
 
 , which held that statutory rape was an aggravated offense because it involves penetration and the use of force or the threat of serious violence.
 
 State v. Clark,
 

 211 N.C.App. 60
 
 , 76,
 
 714 S.E.2d 754
 
 , 764 (2011),
 
 disc. review denied
 
 , --- N.C. ----,
 
 722 S.E.2d 595
 
 (2012). This Court noted first-degree rape of a child is an aggravated offense because it requires proof of vaginal intercourse and because rape of a child under the age of 13 necessarily involves the use of force or the threat of serious violence because the child in inherently incapable of consenting.
 
 Id
 
 . at 72-73,
 
 714 S.E.2d at 763
 
 .
 

 The present case is distinguishable in that the offenses of which Defendant was convicted offenses were not rape offenses. The convicted offenses in this case were sexual offense with a child and sexual activity
 
 *348
 
 by substitute parent, both of which only require a "sexual act." For purposes of both offenses, a " '[s]exual act' means cunnilingus, fellatio, analingus, or anal intercourse, but does not
 
 *130
 
 include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body...."
 
 N.C. Gen. Stat. § 14-27.1
 
 (2013). Not all "sexual acts" involve the element of penetration required to constitute an aggravated offense. In
 
 Clark
 
 , this Court differentiated first degree rape from other offenses on the basis that
 

 obtaining a first degree rape conviction pursuant to
 
 N.C. Gen. Stat. § 14-27.2
 
 (a)(1) requires proof that a defendant "engage[d] in vaginal intercourse" with his or her victim, as compared to some other form of inappropriate contact.
 
 N.C. Gen. Stat. § 14-27.2
 
 (a)(1). In other words, anyone found guilty of first degree rape in violation of
 
 N.C. Gen. Stat. § 14-27.2
 
 (a)(1) has necessarily "[engaged] in a sexual act involving vaginal, anal, or oral penetration,"
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a), based solely on an analysis of the elements of the conviction offense.
 

 Clark
 
 ,
 
 211 N.C.App. at 73
 
 ,
 
 714 S.E.2d at 763
 
 . The same was true in
 
 Sprouse
 
 for statutory rape. Yet, this Court specifically noted in
 
 Clark
 
 that
 

 [t]he same is not necessarily true with respect to a conviction for first degree sexual offense in violation of
 
 N.C. Gen. Stat. § 14-27.4
 
 (a)(1), since an individual can be convicted of first degree sexual offense on the basis of cunnilingus, which does not require proof of penetration.
 
 State v. Ludlum
 
 ,
 
 303 N.C. 666
 
 , 669,
 
 281 S.E.2d 159
 
 , 161 (1981) (stating that "[w]e do not agree, however, that penetration is required before cunnilingus, as that word is used in the statute, can occur").
 

 Id
 
 . at 73 n. 4,
 
 714 S.E.2d at
 
 763 n. 4 ;
 
 see also
 

 State v. Hoover
 
 ,
 
 89 N.C.App. 199
 
 , 208,
 
 365 S.E.2d 920
 
 , 926 ("Proof of a "sexual act" under G.S. 14-27.7 does not require, but may involve, penetration."),
 
 cert. denied
 
 ,
 
 323 N.C. 177
 
 ,
 
 373 S.E.2d 118
 
 (1988).
 

 Because the elements of the convicted offenses in this case require only a sexual act, which may or may not involve penetration, neither sexual offense with a child pursuant to
 
 N.C. Gen. Stat. § 14-27
 
 .4A nor sexual offense by a substitute parent pursuant to
 
 N.C. Gen. Stat. § 14-27.7
 
 (a) necessarily involves the penetration statutorily required to
 
 *349
 
 constitute an aggravated offense under
 
 N.C. Gen. Stat. § 14-208.6
 
 (1a). We reverse the registration order and remand to the trial court for entry of a registration order based upon proper findings.
 

 VI. SBM Requirement
 

 The trial court also ordered Defendant to enroll in SBM for the remainder of his life upon his release from prison. In the final issue on appeal, Defendant contends the trial court erred in ordering lifetime SBM without a determination that the program was a reasonable search as mandated under
 
 Grady v. North Carolina
 
 , --- U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015). The State concedes the issue and we agree.
 

 The findings that Defendant's convictions require lifetime registration for aggravated offenses were in error. Therefore, the order for lifetime SBM must be supported on other grounds. Defendant acknowledges the court correctly found that he had been convicted of sex offense with a child and that lifetime SBM is mandated by
 
 N.C. Gen. Stat. § 14-27
 
 .4A for a conviction of sex offense with a child. That statute provides that
 

 (b) A person convicted of [sexual offense with a child] is guilty of a Class B1 felony and shall be sentenced pursuant to Article 81B of Chapter 15A of the General Statutes, except that in no case shall the person receive an active punishment of less than 300 months, and except as provided in subsection (c) of this section.
 
 Following the termination of active punishment, the person shall be enrolled in satellite-based monitoring for life pursuant to Part 5 of Article 27A of Chapter 14 of the General Statutes.
 

 N.C. Gen. Stat. § 14-27
 
 .4A(b) (emphasis added).
 

 However, in
 
 Grady
 
 , the Supreme Court of the United States held that North Carolina's SBM program constitutes a search within the meaning of the Fourth Amendment and must be reasonable based on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.
 

 *131
 

 Grady
 
 , --- U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 . The Supreme Court then remanded the matter for a hearing on the reasonableness of SBM in the case.
 
 Id
 
 .
 

 Under the mandate of
 
 Grady
 
 , in
 
 State v. Blue
 
 , --- N.C. App. ----, ----,
 
 783 S.E.2d 524
 
 , 527 (2016), this Court reversed a SBM order after "the trial court simply acknowledged that SBM constitutes a search and
 
 *350
 
 summarily concluded it is reasonable[.]" This Court held the trial court failed to follow the mandate in
 
 Grady
 
 to determine the reasonableness of the SBM program based upon the totality of the circumstances and remanded the matter to the trial court for a new hearing.
 
 Id
 
 . This Court also held the State bears the burden of proving SBM and the length thereof is reasonable.
 
 Id
 
 .
 

 In the present case, Defendant and the State agree that no evidence was presented to demonstrate the reasonableness of lifetime SBM. As a result, we reverse the SBM order and remand for the reasonableness determination mandated by
 
 Grady
 
 .
 
 See
 

 Grady
 
 , --- U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at 462
 
 .
 

 VII. Conclusion
 

 We hold the jury unanimously convicted Defendant on three counts each of sexual offense with a child and sexual activity by a substitute parent. Defendant received a fair trial free from error in the convictions or entry of those judgments.
 

 We reverse the orders for lifetime registration and lifetime SBM and remand to the trial court for further proceedings and orders consistent with the law.
 
 See
 
 id.
 
 It is so ordered.
 

 NO ERROR IN PART; REVERSED IN PART AND REMANDED.
 

 Judges McCULLOUGH and DILLON concur.
 

 Judge McCULLOUGH concurred in this opinion prior to 24 April 2017.