DIETZ, Judge.
Defendant Fredrick Jerome Miles appeals his convictions for felony possession of marijuana and possession of marijuana paraphernalia. Miles argues that he received constitutionally ineffective assistance of counsel because his trial counsel did not move to suppress his confession to law enforcement. He also challenges the trial court's failure to address his request for a conditional discharge at sentencing.
As explained below, we dismiss Miles's ineffective assistance of counsel claim without prejudice because it involves potential issues of fact that are not suited for review on direct appeal. We vacate Miles's sentence and remand for the trial court to address Miles's request for a conditional discharge under N.C. Gen. Stat. § 90-96(a).
Facts and Procedural History
On 25 February 2015, law enforcement officers saw Defendant Fredrick Jerome Miles walking through an apartment complex carrying a brown paper sack and then, after Miles briefly walked out of sight of the officers, observed him walking without the brown paper sack. The officers examined several nearby bushes and smelled a strong odor of fresh marijuana. The officers then found a brown paper sack on top of one of the bushes. The bag contained "[l]arge, green vegetable matter" that the officers identified as marijuana.
The officers then stopped Miles and handcuffed him. Officer Ross frisked Miles, but did not find anything. Officer Ross asked Miles about the brown paper sack, but Miles didn't answer the question, telling the officers that he just had his phone in his hand. Officer Ross then advised Miles that he was under arrest and read him his Miranda rights. The officers continued questioning Miles about the paper sack. During the questioning, Officer Ross said the following to Miles:
OFFICER ROSS: All right. Don't play dumb. I seen you with a bag. This can be a matter of-a simple matter of give you a citation, and you go back to your apartment; a simply arrest for misdemeanor possession or if you've got anything else on you; or we can do a felony arrest. It's completely up to you.
Officer Ross then told Miles that they had found a "big bag of weed" and asked Miles, "Do you want to talk about that?" Officer Ross asked, "So are you trying to sell it? Is it all for you? Did you just buy it? What's the deal with it?" Miles then confessed that he "just bought it from somebody." Miles told the officers "I am a Rasta Man," that the marijuana was his "medication," and that it cost him $200.
The State indicted Miles for one count of felony possession of marijuana and one count of possession of marijuana paraphernalia. At trial, the State presented video of the officers' encounter with Miles, including Miles's confession. The jury convicted him of both charges.
At sentencing, Miles argued that he should receive a conditional discharge under N.C. Gen. Stat. § 90-96 because he had no prior criminal record. Neither the trial court nor the State responded to this request. The trial court imposed a suspended sentence of 5 to 15 months in prison with 18 months of probation. On the judgment form, the trial court did not address whether Miles qualified for a conditional discharge. Miles timely appealed the judgment.
Analysis
I. Ineffective assistance of counsel claim
Miles first argues that he received ineffective assistance of counsel because his trial counsel did not a make a motion to suppress his confession to police. Miles contends that his confession was induced by the officer's promise that, if he confessed, he would simply receive a citation, rather than being arrested on a felony charge. He asserts that, had his counsel moved to suppress his confession, the trial court would have granted that motion.
We decline to address this argument on direct appeal. The merits of an ineffective assistance of counsel claim will only be decided on direct appeal "when the cold record reveals that no further investigation is required." State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004). Where the claim raises "potential questions of trial strategy and counsel's impressions, an evidentiary hearing available through a motion for appropriate relief is the procedure to conclusively determine these issues." State v. Stroud, 147 N.C. App. 549, 556, 557 S.E.2d 544, 548 (2001).
Recently, in State v. Todd, our Supreme Court dismissed an appeal in which a defendant claimed his counsel was ineffective for failing to make a meritorious motion to dismiss for insufficiency of the evidence, outside the presence of the jury. --- N.C. ----, ----, 799 S.E.2d 834, 838 (2017). Although the record in Todd did not disclose any apparent strategic reason for declining to assert a meritorious, dispositive motion, particularly outside the jury's presence, our Supreme Court held that whether defense counsel "made a particular strategic decision remains a question of fact, and is not something which can be hypothesized" by an appellate court on direct appeal. Id. Here, there is nothing in the record to indicate why Miles's counsel chose not to make a motion to suppress Miles's confession, whether there was any strategic reason for that decision, or whether that decision was reasonable. See id. As a result, the record is insufficient to determine on direct appeal whether Miles received ineffective assistance of counsel.
"[W]hen this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." Thompson, 359 N.C. at 123, 604 S.E.2d at 881. Accordingly, we dismiss Miles's ineffective assistance of counsel claim without prejudice to pursue it through a motion for appropriate relief in the trial court.
II. Conditional discharge under N.C. Gen. Stat. § 90-96(a)
Miles next argues that the trial court erred by rejecting his request for a conditional discharge under N.C. Gen. Stat. § 90-96(a) without making a written finding that he was an inappropriate candidate for a conditional discharge. We agree.
We review alleged statutory errors or violations of statutory mandates de novo. State v. Johnson, --- N.C. App. ----, ----, 801 S.E.2d 123, 128 (2017). Under N.C. Gen. Stat. § 90-96 :
Whenever any person who has not previously been convicted of (i) any felony offense under any state or federal laws; (ii) any offense under this Article; or (iii) an offense under any statute of the United States or any state relating to those substances included in Article 5 or 5A of Chapter 90 or to that paraphernalia included in Article 5B of Chapter 90 of the General Statutes pleads guilty to or is found guilty of (i) a misdemeanor under this Article by possessing a controlled substance included within Schedules I through VI of this Article or by possessing drug paraphernalia as prohibited by G.S. 90-113.22 or G.S. 90-113.22A or (ii) a felony under G.S. 90-95(a)(3), the court shall, without entering a judgment of guilt and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable terms and conditions as it may require, unless the court determines with a written finding, and with the agreement of the District Attorney, that the offender is inappropriate for a conditional discharge for factors related to the offense.
N.C. Gen. Stat. § 90-96(a) (emphasis added).
"Generally, a defendant is eligible for a conditional discharge only if he is convicted of certain specified controlled substance offenses, including felony possession ..., and has no prior felony or controlled substance or paraphernalia convictions." State v. Clark, 239 N.C. App. 133, 769 S.E.2d 423, 2015 WL 234588, at *1 (2015) (unpublished). "Under those circumstances and with the defendant's consent, the trial court shall defer further proceedings and place the defendant on probation without entering a judgment," unless "it makes a written finding, with the State's agreement, that the defendant is not appropriate for a conditional discharge." Id.
If "an eligible first-time offender consents to sentencing under the conditional discharge program, the 'shall' language of N.C. Gen. Stat. § 90-96 constitutes a mandate to trial judges, and ... failure to comply with that mandate constitutes reversible error." State v. Dail, --- N.C. App. ----, --- S.E.2d ----, No. COA16-1324, 2017 WL 4126503, at *3 (Sep. 19, 2017). Where the defendant requests a conditional discharge and the trial court does not address defense counsel's argument, we must "vacate the trial court's judgment, and remand this matter to the trial court for a new sentencing hearing" where "[t]he trial court shall follow the procedure for the consideration of eligibility for conditional discharge as prescribed by statute." Id. at *4.
Here, Miles's counsel requested a conditional discharge, asserting that Miles "has no prior record." The State contends that this argument was insufficient to carry Miles's burden because Miles failed to submit any evidence that he had no prior criminal record. We agree with Miles that it would be impractical to require him to obtain evidence of his own criminal record for this purpose. Miles asserted that he qualified for a conditional discharge and consented to the court's imposition of that sentencing option. The State did not oppose Miles's request or contend that he did not qualify for conditional release. Accordingly, because the trial court did not address his request for a conditional discharge, we must vacate Miles's sentence and remand "for a new sentencing hearing" where "[t]he trial court shall follow the procedure for the consideration of eligibility for conditional discharge as prescribed by statute." Id.
Conclusion
For the reasons discussed above, we dismiss Miles's ineffective assistance of counsel claim without prejudice to pursue it in the trial court. We vacate Miles's sentence and remand to the trial court for additional sentencing proceedings to determine whether Miles is an appropriate candidate for a conditional discharge under N.C. Gen. Stat. § 90-96(a).
DISMISSED IN PART; VACATED AND REMANDED IN PART.
Report per Rule 30(e).
Judges ELMORE and INMAN concur.