IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-142

No. COA20-295

Filed 20 April 2021

Union County, Nos. 15CRS51369-70

STATE OF NORTH CAROLINA

v.

BOBBY DEWAYNE HELMS

Appeal by Defendant from judgment entered 22 October 2019 by Judge Jeffery K. Carpenter in Union County Superior Court. Heard in the Court of Appeals 24 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kristin J. Uicker, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Defendant-Appellant.*

COLLINS, Judge.

Defendant appeals from judgment entered upon jury verdicts of guilty of two counts of first-degree statutory sex offense and two counts of taking indecent liberties with a child. Defendant contends that errors in the indictments divested the trial court of jurisdiction. We discern no error.

## I. Background

¶ 2          On 2 April 2015, Defendant was arrested on two counts of first-degree statutory sex offense with a child under the age of thirteen, file number 15CR51369, and two counts of taking indecent liberties with a child, file number 15CR51370. On 6 July 2015, he was indicted on all four charges in a separate indictment for each count of each offense. The indictments for first-degree statutory sex offense were in file number 15CRS51369 and the indictments for taking indecent liberties with a child were in file number 15CRS51370. Each indictment was individually file-stamped and signed by the Assistant Deputy Clerk of Superior Court, and signed and dated by the Grand Jury Foreperson. Before trial, the State moved to join all four offenses for trial. Defendant acquiesced to joinder and the trial court granted the State's motion.

¶ 3          The case came on for trial on 24 April 2017 and Defendant was ultimately convicted of all four offenses. On appeal, this Court issued a split decision discerning no error. *See State v. Helms,* 261 N.C. App. 774, 818 S.E.2d 645 (2018) (unpublished). On appeal, the Supreme Court held that there was insufficient evidence to support one of the aggravating factors used in sentencing and remanded the case for a new sentencing hearing. *See State v. Helms,* 373 N.C. 41, 41-42, 832 S.E.2d 897, 897 (2019). On remand, the trial court arrested judgment on the indecent liberties convictions and sentenced Defendant to two consecutive sentences of 300 to 420

months in prison for the first-degree statutory sex offense convictions. Defendant gave oral notice of appeal.

## II. Discussion

On appeal, Defendant contends that the trial court lacked jurisdiction over one count of first-degree statutory sex offense and one count of taking indecent liberties with a child because one indictment for each offense was facially invalid. Specifically, Defendant argues that one indictment for each offense was facially invalid because he was charged by separate indictments with identical charging language for the first-degree statutory sex offenses in file number 15CRS51369, and separate indictments with identical charging language for the offenses of taking indecent liberties with a child in file number 15CRS51370.

As a threshold matter, Defendant's argument as to the facial validity of his indictments is properly before this Court, despite his failure to object in the trial court or to raise this issue on his first appeal. Generally, a defendant waives any appellate challenges to an indictment when the indictment is not challenged in the trial court. *State v. Call,* 353 N.C. 400, 428-29, 545 S.E.2d 190, 208 (2001) (citation omitted); *see also* N.C. Gen. Stat. § 15A-952(b)(6) (listing specific pretrial motions defendants must make prior to arraignment). However, "when an indictment is alleged to be facially invalid, thereby depriving the trial court of its jurisdiction, it may be challenged at any time, notwithstanding a defendant's failure to contest its validity in the trial

court." *Call*, 353 N.C. at 429, 545 S.E.2d at 208 (quotation marks and citation omitted). Accordingly, Defendant's challenge to his indictments is properly before this Court

¶ 6    "A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, and to give authority to the court to render a valid judgment." *State v. Stephenson,* 267 N.C. App. 475, 478, 833 S.E.2d 393, 397 (2019) (quotation marks and citation omitted). An indictment must contain

> [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2015). An indictment is "constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *State v. McGriff,* 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002) (citation omitted). "In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense." *State v. Blackmon,* 130 N.C. App. 692, 699, 507 S.E.2d 42, 46 (1998) (citation omitted). Moreover, it is "generally true tha[t]

an indictment need only allege the ultimate facts constituting the elements of the criminal offense and that evidentiary matters need not be alleged." *Id.*

¶ 7 "[O]ur statutes permit, and our appellate courts have upheld, the use of short form indictments in charging a defendant with a sex[] offense and taking indecent liberties with a child." *State v. Mueller,* 184 N.C. App. 553, 558, 647 S.E.2d 440, 445 (2007) (citations omitted). N.C. Gen. Stat. §15-144.2 allows for these "short-form indictments" and provides:

> If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years and all lesser included offenses.

N.C. Gen. Stat. § 15-144.2(b) (2015). Our appellate courts have consistently held that indictments conforming with this statute also comply with the North Carolina and the United States Constitution. *See, e.g., State v. Wallace,* 351 N.C. 481, 505, 528 S.E.2d 326, 342 (2000); *State v. Randolph,* 312 N.C. 198, 210, 321 S.E.2d 864, 872 (1984); *State v. Lowe,* 295 N.C. 596, 603-04, 247 S.E.2d 878, 883-84 (1978). If a defendant wishes additional information about the specific "sexual act" charged, he may move for a bill of particulars. *State v. Johnson,* 253 N.C. App. 337, 343, 801 S.E.2d 123, 126-27 (2017) (citation omitted).

¶ 8        "Two or more offenses *may* be joined in one [indictment] . . . when the offenses

. . . are based on the same act or transaction or on a series of acts or transactions

connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat.

§ 15A-926(a) (2019) (emphasis added). When offenses are joined pursuant to section

15A-926, "[e]ach offense must be stated in a separate count as required by [N.C. Gen.

Stat. §] 15A-924." *Id.*

¶ 9        Defendant's indictments for first-degree statutory sex offense read as follows:

> The jurors for the State upon their oath present that on or
> about the date(s) of offense shown and in the county named
> above the defendant named above unlawfully, willfully,
> and feloniously did engage in a sex offense with [victim], a
> child under the age of 13 years.

The indictments allege Defendant engaged in a sex offense with a child under the age

of thirteen, in compliance with N.C. Gen. Stat. § 15-144.2(b), and contain a plain and

concise factual statement asserting every other element of the offense, in compliance

with N.C. Gen. Stat. § 15A-924(a)(5).

¶ 10        Defendant's indictments for taking indecent liberties with a child read as

follows:

> The jurors for the State upon their oath present that on or
> about the date(s) of offense shown and in the county named
> above the defendant named above unlawfully, willfully and
> feloniously did take and attempt to take immoral,
> improper, and indecent liberties with the child named
> below for the purpose of arousing and gratifying sexual
> desire and did commit and attempt to commit a lewd and

> lascivious act upon the body of the child named below. At
> the time of this offense, the child named below was under
> the age of 16 years and the defendant named above was
> over 16 years of age and the defendant at least five years
> older than the child. The name of the child is [victim].

The indictments allege that Defendant committed a lewd and lascivious act, in compliance with N.C. Gen. Stat. § 15-144.2(b), and contain a plain and concise factual statement asserting every other element of the offense, in compliance with N.C. Gen. Stat. § 15A-924(a)(5).

¶ 11 Accordingly, each of the indictments complied with the requirements of the relevant statutory provisions. *See Mueller,* 184 N.C. App. at 577, 647 S.E.2d at 457 (rejecting defendant's challenge to the sufficiency of his short-form indictments because each indictment complied with N.C. Gen. Stat. § 15-144.2 and otherwise mirrored the statutory language for each substantive offense). Additionally, as the plain language of N.C. Gen. Stat. § 15A-926 permits, but does not require, joinder of offenses in one indictment, the State was not required to join Defendant's first-degree statutory sex offenses or taking indecent liberties with a child offenses into a single indictment with each offense as a separate count.

¶ 12 Defendant concedes that the indictments complied with N.C. Gen. Stat. § 15A-924(a) and N.C. Gen. Stat. § 15-144.2. Defendant also concedes that the State was not required to join the offenses under N.C. Gen. Stat. § 15A-926. To the extent Defendant argues he was unable to distinguish the indictments in 15CRS51369 or

15CRS51370 because "nothing in the record shows that these virtually identical indictments were not duplicate originals[,]" his argument is meritless because, as Defendant concedes, the "handwritten check mark, date, and signatures" are "slightly different" on each indictment.

In a nutshell, Defendant asks this Court to adopt a new rule by holding that, when read together, N.C. Gen. Stat. § 15A-924 and N.C. Gen. Stat. § 15A-926(a) bar the State from using multiple short-form indictments charging the same offense with the same file number. We decline to so hold.

### III.    Conclusion

Defendant's challenge to the indictments as facially invalid lacks merit. We discern no error.

NO ERROR.

Judges TYSON and WOOD concur.