IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-142

 No. COA20-295

 Filed 20 April 2021

 Union County, Nos. 15CRS51369-70

 STATE OF NORTH CAROLINA

 v.

 BOBBY DEWAYNE HELMS

 Appeal by Defendant from judgment entered 22 October 2019 by Judge Jeffery

 K. Carpenter in Union County Superior Court. Heard in the Court of Appeals 24

 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kristin J.
 Uicker, for the State-Appellee.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S.
 Zimmer, for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant appeals from judgment entered upon jury verdicts of guilty of two

 counts of first-degree statutory sex offense and two counts of taking indecent liberties

 with a child. Defendant contends that errors in the indictments divested the trial

 court of jurisdiction. We discern no error.

 I. Background
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

¶2 On 2 April 2015, Defendant was arrested on two counts of first-degree

 statutory sex offense with a child under the age of thirteen, file number 15CR51369,

 and two counts of taking indecent liberties with a child, file number 15CR51370. On

 6 July 2015, he was indicted on all four charges in a separate indictment for each

 count of each offense. The indictments for first-degree statutory sex offense were in

 file number 15CRS51369 and the indictments for taking indecent liberties with a

 child were in file number 15CRS51370. Each indictment was individually file-

 stamped and signed by the Assistant Deputy Clerk of Superior Court, and signed and

 dated by the Grand Jury Foreperson. Before trial, the State moved to join all four

 offenses for trial. Defendant acquiesced to joinder and the trial court granted the

 State’s motion.

¶3 The case came on for trial on 24 April 2017 and Defendant was ultimately

 convicted of all four offenses. On appeal, this Court issued a split decision discerning

 no error. See State v. Helms, 261 N.C. App. 774, 818 S.E.2d 645 (2018) (unpublished).

 On appeal, the Supreme Court held that there was insufficient evidence to support

 one of the aggravating factors used in sentencing and remanded the case for a new

 sentencing hearing. See State v. Helms, 373 N.C. 41, 41-42, 832 S.E.2d 897, 897

 (2019). On remand, the trial court arrested judgment on the indecent liberties

 convictions and sentenced Defendant to two consecutive sentences of 300 to 420
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

 months in prison for the first-degree statutory sex offense convictions. Defendant

 gave oral notice of appeal.

 II. Discussion

¶4 On appeal, Defendant contends that the trial court lacked jurisdiction over one

 count of first-degree statutory sex offense and one count of taking indecent liberties

 with a child because one indictment for each offense was facially invalid. Specifically,

 Defendant argues that one indictment for each offense was facially invalid because

 he was charged by separate indictments with identical charging language for the

 first-degree statutory sex offenses in file number 15CRS51369, and separate

 indictments with identical charging language for the offenses of taking indecent

 liberties with a child in file number 15CRS51370.

¶5 As a threshold matter, Defendant’s argument as to the facial validity of his

 indictments is properly before this Court, despite his failure to object in the trial court

 or to raise this issue on his first appeal. Generally, a defendant waives any appellate

 challenges to an indictment when the indictment is not challenged in the trial court.

 State v. Call, 353 N.C. 400, 428-29, 545 S.E.2d 190, 208 (2001) (citation omitted); see

 also N.C. Gen. Stat. § 15A-952(b)(6) (listing specific pretrial motions defendants must

 make prior to arraignment). However, “when an indictment is alleged to be facially

 invalid, thereby depriving the trial court of its jurisdiction, it may be challenged at

 any time, notwithstanding a defendant’s failure to contest its validity in the trial
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

 court.” Call, 353 N.C. at 429, 545 S.E.2d at 208 (quotation marks and citation

 omitted). Accordingly, Defendant’s challenge to his indictments is properly before

 this Court

¶6 “A valid bill of indictment is essential to the jurisdiction of the Superior Court

 to try an accused for a felony and have the jury determine his guilt or innocence, and

 to give authority to the court to render a valid judgment.” State v. Stephenson, 267

 N.C. App. 475, 478, 833 S.E.2d 393, 397 (2019) (quotation marks and citation

 omitted). An indictment must contain

 [a] plain and concise factual statement in each count
 which, without allegations of an evidentiary nature,
 asserts facts supporting every element of a criminal offense
 and the defendant’s commission thereof with sufficient
 precision clearly to apprise the defendant or defendants of
 the conduct which is the subject of the accusation.

 N.C. Gen. Stat. § 15A-924(a)(5) (2015). An indictment is “constitutionally sufficient

 if it apprises the defendant of the charge against him with enough certainty to enable

 him to prepare his defense and to protect him from subsequent prosecution for the

 same offense.” State v. McGriff, 151 N.C. App. 631, 634, 566 S.E.2d 776, 778 (2002)

 (citation omitted). “In general, an indictment couched in the language of the statute

 is sufficient to charge the statutory offense.” State v. Blackmon, 130 N.C. App. 692,

 699, 507 S.E.2d 42, 46 (1998) (citation omitted). Moreover, it is “generally true tha[t]
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

 an indictment need only allege the ultimate facts constituting the elements of the

 criminal offense and that evidentiary matters need not be alleged.” Id.

¶7 “[O]ur statutes permit, and our appellate courts have upheld, the use of short

 form indictments in charging a defendant with a sex[] offense and taking indecent

 liberties with a child.” State v. Mueller, 184 N.C. App. 553, 558, 647 S.E.2d 440, 445

 (2007) (citations omitted). N.C. Gen. Stat. §15-144.2 allows for these “short-form

 indictments” and provides:

 If the victim is a person under the age of 13 years, it is
 sufficient to allege that the defendant unlawfully, willfully,
 and feloniously did engage in a sex offense with a child
 under the age of 13 years, naming the child, and concluding
 as aforesaid. Any bill of indictment containing the
 averments and allegations herein named shall be good and
 sufficient in law as an indictment for a sex offense against
 a child under the age of 13 years and all lesser included
 offenses.

 N.C. Gen. Stat. § 15-144.2(b) (2015). Our appellate courts have consistently held that

 indictments conforming with this statute also comply with the North Carolina and

 the United States Constitution. See, e.g., State v. Wallace, 351 N.C. 481, 505, 528

 S.E.2d 326, 342 (2000); State v. Randolph, 312 N.C. 198, 210, 321 S.E.2d 864, 872

 (1984); State v. Lowe, 295 N.C. 596, 603-04, 247 S.E.2d 878, 883-84 (1978). If a

 defendant wishes additional information about the specific “sexual act” charged, he

 may move for a bill of particulars. State v. Johnson, 253 N.C. App. 337, 343, 801

 S.E.2d 123, 126-27 (2017) (citation omitted).
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

¶8 “Two or more offenses may be joined in one [indictment] . . . when the offenses

 . . . are based on the same act or transaction or on a series of acts or transactions

 connected together or constituting parts of a single scheme or plan.” N.C. Gen. Stat.

 § 15A-926(a) (2019) (emphasis added). When offenses are joined pursuant to section

 15A-926, “[e]ach offense must be stated in a separate count as required by [N.C. Gen.

 Stat. §] 15A-924.” Id.

¶9 Defendant’s indictments for first-degree statutory sex offense read as follows:

 The jurors for the State upon their oath present that on or
 about the date(s) of offense shown and in the county named
 above the defendant named above unlawfully, willfully,
 and feloniously did engage in a sex offense with [victim], a
 child under the age of 13 years.

 The indictments allege Defendant engaged in a sex offense with a child under the age

 of thirteen, in compliance with N.C. Gen. Stat. § 15-144.2(b), and contain a plain and

 concise factual statement asserting every other element of the offense, in compliance

 with N.C. Gen. Stat. § 15A-924(a)(5).

¶ 10 Defendant’s indictments for taking indecent liberties with a child read as

 follows:

 The jurors for the State upon their oath present that on or
 about the date(s) of offense shown and in the county named
 above the defendant named above unlawfully, willfully and
 feloniously did take and attempt to take immoral,
 improper, and indecent liberties with the child named
 below for the purpose of arousing and gratifying sexual
 desire and did commit and attempt to commit a lewd and
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

 lascivious act upon the body of the child named below. At
 the time of this offense, the child named below was under
 the age of 16 years and the defendant named above was
 over 16 years of age and the defendant at least five years
 older than the child. The name of the child is [victim].

 The indictments allege that Defendant committed a lewd and lascivious act, in

 compliance with N.C. Gen. Stat. § 15-144.2(b), and contain a plain and concise factual

 statement asserting every other element of the offense, in compliance with N.C. Gen.

 Stat. § 15A-924(a)(5).

¶ 11 Accordingly, each of the indictments complied with the requirements of the

 relevant statutory provisions. See Mueller, 184 N.C. App. at 577, 647 S.E.2d at 457

 (rejecting defendant’s challenge to the sufficiency of his short-form indictments

 because each indictment complied with N.C. Gen. Stat. § 15-144.2 and otherwise

 mirrored the statutory language for each substantive offense). Additionally, as the

 plain language of N.C. Gen. Stat. § 15A-926 permits, but does not require, joinder of

 offenses in one indictment, the State was not required to join Defendant’s first-degree

 statutory sex offenses or taking indecent liberties with a child offenses into a single

 indictment with each offense as a separate count.

¶ 12 Defendant concedes that the indictments complied with N.C. Gen. Stat. § 15A-

 924(a) and N.C. Gen. Stat. § 15-144.2. Defendant also concedes that the State was

 not required to join the offenses under N.C. Gen. Stat. § 15A-926. To the extent

 Defendant argues he was unable to distinguish the indictments in 15CRS51369 or
 STATE V. HELMS

 2021-NCCOA-142

 Opinion of the Court

 15CRS51370 because “nothing in the record shows that these virtually identical

 indictments were not duplicate originals[,]” his argument is meritless because, as

 Defendant concedes, the “handwritten check mark, date, and signatures” are “slightly

 different” on each indictment.

¶ 13 In a nutshell, Defendant asks this Court to adopt a new rule by holding that,

 when read together, N.C. Gen. Stat. § 15A-924 and N.C. Gen. Stat. § 15A-926(a) bar

 the State from using multiple short-form indictments charging the same offense with

 the same file number. We decline to so hold.

 III. Conclusion

¶ 14 Defendant’s challenge to the indictments as facially invalid lacks merit. We

 discern no error.

 NO ERROR.

 Judges TYSON and WOOD concur.